W. W. Cameron et al. v. H. F. Connally, Mayor, et al.

No. 4868.   Decided November 2, 1927.
(299 S. W., 221).

*Sleeper, Boynton & Kendall; R. H. Kingsberry; Miller & Price,* and *Williams, Williams, McClellan & Lincoln,* for appellants.

Under the facts found by the court to have been established by the evidence adduced on the trial of this contest and set out by the court in the findings of fact and conclusions of law that have been filed herein, the judgment of the court should have been in favor of contestants and should have declared the true result of the election in question to have been against the issuance of the bonds by a majority of forty-nine votes, because the court finds that if the tax rolls of the City of Waco for the year 1925 be applied in determining who were the duly qualified taxpaying voters entitled to vote at said election a majority of forty-nine of such duly qualified taxpaying voters voted against the issuance of the bonds, and it further appears in the findings of the court, as well as by the undisputed evidence, that the charter of the City of Waco prescribes that only

those shall be entitled to vote at a bond election in the City of Waco who are shown by the last preceding tax rolls of the city to have been duly qualified tax-paying voters, and it further appears from the findings of fact, as well as by the undisputed evidence, that on September 14, 1926, the tax rolls of the City of Waco for the year 1925 were the last preceding tax rolls of the city, it being true that at such time the rolls for the year 1926 had not been made up and were not available as a registration list or roll of the tax-paying voters of the city. Accordingly, the court erred in its conclusion of law that the tax rolls of the city for the year 1926 should be the guide and that contestants are not entitled under the law to the relief prayed for by them.

For constitutional, statutory and charter provisions see: Art. 6, Sec. 3, Constitution; Art. 701, R. S., 1925; Art. 202, Charter of the City of Waco.

As to what is meant by the words "who pay taxes" as used in the Constitution, and by the words "who are property tax-payers" as used in the statute, and by the words "duly qualified tax-paying voters" as used in the city charter, see: Henderson v. Culberson, 56 S. W., 617; Hillsman v. Faison, 57 S. W., 921; Clark v. Willrick, 146 S. W., 950; Hebert v. Scurlock, 178 S. W., 713; Lane v. Herring, 190 S. W., 778; Kempen v. Bruns, 195 S. W., 644; Winters v. Evant Ind. School Dist., 208 S. W., 574; Garess v. Tobin, 261 S. W., 433; Wendover v. Tobin, 261 S. W., 438.

On the point that a legislative enactment may without violating the Constitution prescribe that the status of a given voter as a property tax payer shall be determined exclusively by inspection of the tax rolls, see the authorities, supra, especially Henderson v. Culberson, and in addition the following authorities bearing directly on the point: Fort Worth v. Davis, 57 Texas, 235; Warrener v. Lambrecht, 146 S. W., 633; Bonham v. Fuchs, 228 S. W., 1114; Garess v. Fly (Sup. Ct.), 266 S. W., 779; Wendover v. Fly (Sup. Ct.), 266 S. W., 782.

On the point that Art. 202 of the charter of the City of Waco has all the force of an Act by the State Legislature, see: Sec. 5, Art. 11, Constitution; Sec. 4, Art. 6, Constitution; Arts. 1165 et seq., R. S., 1925; 19 R. C. L., Sec. 53, p. 749.

On the general proposition that registration laws, designed to provide reasonable methods for determining the constitutional qualifications of electors are upheld, see: Fort Worth v. Davis, supra; Navigation Co. v. Galveston, 45 Texas, 272, 284; Anderson v. Rail-

way, 52 Texas, 228, 239; State v. Board of Examiners, 24 Pac., 615; Gardina v. Board of Registrars, 40 So., 788; Tilton v. Herman, 64 S. E., 351.

As to the meaning of the words "last preceding tax roll" as used in the Waco charter, see: Warrener v. Lambrecht, supra; Nowlan v. Benton Harbor (Mich.), 96 N. W., 450.

*Weatherby & Rogers* and *John McGlasson,* for appellees.

The Constitution of the State of Texas provides: "In all elections to determine the expenditure of money or assumption of debt, only those shall be qualified to vote who pay taxes on property in said city or incorporated town," and such provision of the Constitution is the only test which may be applied to voters at such election, and Art. 202 of the Charter of the City of Waco is an attempt by the City of Waco to limit the qualifications of voters as prescribed by the Constitution, and is void. Constitution, Art. 6, Sec. 3; Brown v. City of Galveston, 97 Texas, 1; 12 Corpus Juris, p. 733; Kempen v. Bruns, 195 S. W., 644; Hillsman v. Faison, 57 S. W., 920; Hebert v. Scurlock, 178 S. W., 711; Winters v. Ind. Sch. Dist., 208 S. W., 574; Lane v. Herring, 190 S. W., 778; Roberts v. Epperson, 288 S. W., 595; Wendover v. Tobin, 261 S. W., 434; Koy v. Schneider, 110 Texas, 369; Cooley on Constitutional Lim., 599; Solon v. State, 54 Texas Crim. Rep., 261.

If Art. 202 of the Charter of the City of Waco could be construed as a registration act, the city had no authority to pass same, because Art. 6, Sec. 4, of the Constitution of the State of Texas reserves to the Legislature the right to provide by law for the registration of all voters in all cities containing a population of 10,000 inhabitants, or more, and neither the Home Rule Amendment nor any other provision of law authorizes the City of Waco to pass a registration law. Constitution, Art. 6, Sec. 4; Rev. Stats., 1925, Arts. 1175, 2954-2977; Corpus Juris, p. 66, Sec. 22; City of Cleburne v. Gulf, C. & S. F. Ry. Co., 66 Texas, 457.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Sec. A.

This case is submitted on certified questions from the Court of Civil Appeals for the Tenth District. The statement in part is as follows:

"This suit was instituted by appellants as a statutory proceeding to contest the result of an election held in the city of Waco on

September 14th, 1926, to determine whether bonds of the City in the sum of $3,500,000.00 should be issued for the purpose of impounding the waters of the Bosque River for a more adequate and better water supply for the city of Waco. According to the canvass of the votes as made by the city commissioners, the bond issue carried by 178 votes, there being 2,562 in favor and 2,384 against same. The trial court rendered judgment upholding the validity of said election. Appellants appealed and the cause has been submitted in this court and is now under consideration.

"The City of Waco is acting under a freeholder's charter adopted under the Home Rule Amendment. * * *

"Article 202 of the City Charter reads:

" 'It shall have power to issue bonds upon the city for the purpose of making permanent public improvements, or for any other public purposes, in such sums and in such amounts as may be found necessary or expedient; provided that said bonds shall have been first authorized by a majority vote cast by the duly qualified tax-paying voters as shown by the last preceding tax rolls of the city, voting at an election held for that purpose.'

"Appellants, among other contentions, claim that no one was qualified to vote in said bond election under the provisions of Art. 202 of the Waco City Charter, whose name did not appear on the last preceding tax roll, which they contend was the tax roll for 1925. Appellees contend that the charter provision contained in Art. 202, which requires a voter's name to be listed on the preceding tax roll in order that he might vote in a bond issue election, is unconstitutional, in that it contravenes Sec. 3 of Art. 6 of the State Constitution; and further contend that if said article is constitutional, that the tax roll for 1926 was the preceding tax roll of the City of Waco when the election was held. This cause was tried in the trial court November 1st, 1926, and on the trial the court permitted the tax roll of 1926 as well as the tax roll of 1925 to be offered in evidence. The trial court opened the ballot boxes and counted the ballots that appellants had named in their contest as being illegal, and found that measured by the tax roll of 1925, the bond issue lost by 49 votes, but measured by the 1926 tax roll, the bond issue carried by 40 votes, and the trial court held that the 1926 roll controlled, and, therefore, declared the bond issue carried. The trial court found that the tax roll for the City of Waco for 1925 was completed by the city tax assessor and collector in December, 1925, and turned over to the city at said time, and that the city tax roll for 1926 was not

complete on September 14th, 1926 (the date of the bond election) but that same was completed about October 1st, 1926, and delivered to the city secretary. The record further shows that all the taxes had been rendered or assessed several months before the bond election and that the tax roll for 1926 was prepared by the assessor and collector of taxes from the assessment lists as filed in his office before said bond election was held, and that each taxpayer whose name appears on the 1926 roll as it was finally completed and as same was offered in evidence when this cause was tried in November, 1926, had rendered his property or same had been assessed in his name, and each name on the tax roll appeared on one of the assessment renditions which was on file with the assessor and collector before the bond election was held."

The questions certified are:

"1. Does Art. 202 of the Waco City Charter require a tax-paying voter's name to appear on the preceding tax roll before he can vote, and if so, is said provision constitutional?

"2. If a resident taxpayer in the City of Waco has all the other qualifications required by the Constitution for a voter, is he entitled to vote in a bond election in the City of Waco, regardless of whether his name appears on the tax rolls of the City or not?

"3. If a taxpayer's name, before he is entitled to vote on a bond issue for the City of Waco, is required to appear on the preceding tax roll in Waco, then under the facts above set forth, was it error for the trial court to use the 1926 roll as the last preceding tax roll of the City of Waco and base his decision thereon?"

Art. 6, Sec. 3, of our Constitution is:

"All qualified electors of the State, as herein described, who shall have resided for six months immediately preceding an election within the limits of any city or corporate town, shall have the right to vote for mayor and all other elective officers; but in all elections to determine expenditure of money or assumption of debt, only those shall be qualified to vote who pay taxes on property in said city or incorporated town; provided, that no poll tax for the payment of debts thus incurred shall be levied upon the persons debarred from voting in relation thereto."

The language of this Charter provision is plain. If given effect, it limits the persons qualified to vote in the election to those shown to be taxpayers by the tax rolls of the city and excludes those who pay taxes on property in the city, but are not so shown. The Constitution prescribes the qualifications of voters. It gives to those other-

wise qualified to vote who pay taxes on property in the city the right to cast their votes in a bond election. Art. 11, Sec. 5, of the Constitution, provides that "no charter * * * shall contain any provision inconsistent with the Constitution of the State." A provision in a city charter which limits the full force and effect of a constitutional provision is certainly inconsistent with the Constitution. If full force and effect is to be given the Constitution, all persons otherwise qualified to vote who were property taxpayers in the City of Waco had the right to vote in the election. Whether their names appeared on the city tax rolls was immaterial so far as their right to vote was concerned. The Constitution having prescribed the qualifications of those entitled to vote in this election, no charter provision prescribing qualifications was necessary, and none could be made other than as provided by fundamental law. The following language of the court in the case of Koy v. Schneider, 110 Texas, at pages 377 and 378, is apt and controlling, to-wit:

" * * * all the authorities seem in accord with the statement that 'where the right of suffrage is fixed in the Constitution of a State, as is the case in most States, it can be restricted or changed by an amendment to the Constitution or by an amendment to the Federal Constitution, which, of course, is binding upon the States. But it cannot be restricted or changed in any other way. The Legislature can pass no law directly or indirectly either restricting or extending the right of suffrage as fixed by the Constitution.' 10 A. & E. Encyclopedia of Law, 573, 576; 15 Cyc., 282; 8 R. C. L., Sec. 41.

"In Cooley's Constitutional Limitations, in Sec. 599, it is said: 'Whenever the Constitution has prescribed the qualifications of electors, they cannot be changed or added to by the Legislature or otherwise than by an amendment to the Constitution.'

"The rule stated was approved in the opinion of Justice Ramsey in Solon v. State, 4 Texas Crim. Rep., 261, 114 S. W., 349, where it is said: 'Where a Constitution has conferred the right and prescribed the qualifications of electors, it, of course, is paramount until amended, and the Legislature cannot change or add to them in any way; but, where the Constitution does not fix the right of suffrage or prescribe the qualifications of voters, it is competent for the Legislature, as the representative of the law-making power of the State, to do so.' "

The number of tax-paying voters in a city may not be susceptible of ascertainment without some rule of evidence as a standard of proof, and for this reason the Legislature may prescribe a rule by

which the proof of such number may be made. An act prescribing such rule is not inconsistent with a constitutional provision requiring a majority of all those residing in the city and qualified to vote to determine an issue, but is in aid thereof. On the other hand, whether any person otherwise qualified to vote is a taxpayer in a city is susceptible to exact proof, and no rule of evidence is necessary. For this reason the case of the City of Fort Worth v. Davis, 57 Texas, 226, is not applicable here. The Legislature may enact a law, the effect of which is to put in force a provision of the Constitution, but is without power to enact a law which is inconsistent with or repugnant to a constitutional provision.

In the cases of Bonham v. Fuchs, 228 S. W., 1112, and Warrener v. Lambrecht, 146 S. W., 633, an election for none of the purposes enumerated in Art. 6, Sec. 3, of our Constitution was involved. Hence, these cases, if correctly decided, would not be controlling in determining a correct answer to the questions here presented.

Claim is made that this charter provision should be construed as a mere regulatory requirement providing a method of registration of qualified voters. This construction would not make valid the charter provision, for the reason that the Constitution, Art. 6, Sec. 4, confers such regulatory power upon the Legislature, and the adoption of this charter provision by the City is inconsistent with the Constitution, in that the City assumes a power conferred upon the Legislature.

We recommend that answer to the first question certified be that the provision of Art. 202 of Waco's City Charter purporting to limit the right to vote to those shown by the tax rolls of the City to be taxpayers is inconsistent with Art. 6, Sec. 3, of the Constitution, and that the second question be answered in the affirmative. The third question does not require an answer.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified.

<em>C. M. Cureton,</em> Chief Justice.