

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS

XXXXXXXXXXXX
ATTORNEY GENERAL

Affirmed by: Tondre vs. Hensley
Tex. Civ. App. 1949 223 S.W..
(2d) 671,674

Honorable Coke R. Stevenson
Governor of Texas
Austin, Texas

Dear Governor Stevenson:

Opinion No. O-6236

Re: Whether disabled veterans
can vote in the November
election, and related
questions.

Your request for our opinion on the hereinabove cap-
tioned matter has been received by this department. We quote
from your letter as follows:

"I am receiving many inquiries from soldiers
and these interested in members of the armed ser-
vices as to what the status of a soldier is who
has returned from foreign service with reference
to his right to vote in the ensuing general elec-
tion. Article 2959, as amended, reads as follows:

"'A poll tax shall be collected from every
person between the ages of twenty-one (21) and
sixty (60) years who resided in this State on the
first day of January preceding its levy, Indians
not taxed, persons insane, blind, deaf or dumb,
those who have lost a hand or foot, those permanently
disabled, and all disabled veterans, of foreign
wars, where such disability is forty (40%) per cent
or more, excepted. It shall be paid at any time
between the first day of October and the first day
of February following; and the person when he pays
it, shall be entitled to his poll tax receipt,
even if his other taxes are unpaid.'

"Other provisions of the statutes provide
that those who fall within the classification
exempted from the payment of poll tax shall pro-
cure an exemption certificate from the County
Tax Collector when same is required by such pro-
vision. Many soldiers have suffered the loss of
a hand or a foot or become disabled to the extent
of 40% or more, since the date when such certifi-
cate of exemption could be obtained.

"Question: Can such disabled veterans vote
in the November election? If they can vote, what

certificate of disability is necessary, if any, in order to entitle such person to vote?"

Your first question asks in effect whether or not disabled veterans who have suffered a 40% disability within the meaning of Article 2959, Vernon's Annotated Civil Statutes, are legally qualified to vote without the payment of a poll tax. This inquiry, due to the manner in which it is phrased, requires an examination not only of Texas statutes but also of the provisions of the Texas Constitution relating to the payment of a poll tax as a qualification for voting. The constitutional question involved is one of serious concern to the people of this State. It is one which, as all constitutional lawyers know, has been consistently passed over or around by the appellate courts of this State and on which we do not have an authoritative decision by our Supreme Court. My own inclination as a citizen would be to follow the same practice but as a public official holding the high office of Attorney General of this State, I have certain statutory and constitutional duties to perform. Article 4399, Vernon's Annotated Statutes, provides that "The Attorney General at the request of the Governor . . . shall give . . . . written advice upon any question touching the public interest." Article 4, Sec. 22 of the Texas Constitution provides that "The Attorney General shall . . give legal advice in writing to the Governor and other executive officers, when requested by them, and perform such other duties as may be required by law." Therefore, since the Constitution, which I have as Attorney General sworn to uphold gives me no latitude in the matter under the question as posed by you, I shall discuss both the Constitutional and statutory provisions involved in your inquiry.

The poll tax as we know it in Texas finds its course in both the Constitution and statutes of Texas. The poll tax of one dollar was first imposed by Article 7, Section 3 of our present Constitution, which was adopted in 1876. That Constitution also provides in Article 8, Section 1 that "The Legislature may impose a poll tax." That Constitution also provided in Article 6, Section 3 that cities or corporate towns might levy a poll tax as a requisite for voting in city elections "to determine expenditure of money or assumption of money." These provisions are still in the Constitution. It was not until 1902, however, that the people of Texas by amendment of Article 6, Section 2 of the Constitution tied the poll tax to the right to vote. The constitutional amendment adopted December 26, 1902, provides "that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before he offers to vote at any election in this State and hold a receipt showing his poll tax paid before the first day of February next preceding such election . . . this provision of the Constitution shall be self-enacting without the necessity of further legislation." This amendment is still a part of our Constitution.

The Legislature of Texas has levied not only the one dollar constitutional tax but also a poll tax of fifty cents "for general revenue purposes" and it has authorized the counties to levy a poll tax of not more than twenty five cents for "county purposes". Article 7046, Vernon's Annotated Civil Statutes. So far as the taxpayer is concerned, this $1.50 or $1.75 tax, as the case may be, is the poll tax but from a legal view point there is a distinction between the dollar constitutional tax and the balance of the tax due to the fact that one dollar of this tax is required by the Constitution and the balance of the tax is required only by levy of the Legislature.

We shall first consider that part of the poll tax which is required only by levy of the legislature. The legislature has the inherent power to levy all taxes and this includes poll taxes as well as other taxes. There is no provision in the constitution which limits the amount of the poll tax which the Legislature in its wisdom may decide to levy. And when the Legislature does levy a poll tax, this tax must, under Article 6, Section 2 of the Constitution, be paid "before the first day of February next preceding such election" in order for the person taxed to be eligible to vote. Pursuant to this inherent power of taxation the Legislature has enacted Article 2959, Vernon's Annotated Statutes, which is quoted in your opinion request above. In this statute the Legislature has exempted from the payment of this legislative poll tax (that is the fifty cent tax for general revenue purposes and twenty five cents for county purposes) "Indians not taxed, persons insane, blind, deaf or dumb, those who have lost a hand or foot, those permanently disabled, and all disabled veterans of foreign wars, where such disability is forty (40%) per cent or more." The only constitutional tests applicable to these exemptions in so far as they apply to the legislative poll tax as distinguished from the constitutional poll tax, is that they be reasonable classifications and we think that these exceptions meet that test. Solon v. State, 54 Tex. Cr. R. 261, 114 S.W. 349. Texas Power & Light Co. v. Brownwood Public Service Co. 111 S.W. (2) 1225, writ refused. 40 Tex. Jur. 78, 79.

We turn, therefore, to find what the Legislature has in its wisdom provided with reference to the time for payment of this legislative poll tax and when the disability must have occurred for those who seek to come under this part of the exemption in Article 2959.

Article 2960, Vernon's Annotated Civil Statutes, provides:

"Every person who is more than sixty (60) years old, or who is blind or deaf or dumb, or is

permanently disabled, or has lost a hand or foot,
or who is a disabled veteran of a foreign war,
where such disability is forty (40%) per cent or
more, shall be entitled to vote without being re-
quired to pay a poll tax if he has obtained his
certificate of exemption from the County Tax Col-
lector when same is required by the provisions of
this title. As amended, Acts 1941, 47th Leg. p.
1336, ch. 604, § 1."

Part of Section 4 of Article 6, Texas Constitution,
provides:

". . . the Legislature may provide by law
for the registration of all voters in all cities
containing a population of ten thousand inhabitants
or more . . ."

Article 2968, Vernon's Annotated Civil Statutes, pro-
vides, in part, as follows:

"Every person, who is exempted by law from
the payment of a poll tax, and who is in other
respects a qualified voter, who resides in a city
of ten thousand (10,000) inhabitants or more, shall
before the 1st day of February of the year when
such voter shall have become entitled to such ex-
emption obtain from the Tax Collector of the county
of his or her residence, a certificate showing his
or her exemption from the payment of a poll tax.

"Such exempt person shall on oath state his
name, age, race, county or residence, occupation,
the length of time he has resided in said county,
and the length of time in the city, and the number
of the ward or voting precinct in which he resides,
and shall also state his street address by name
and number, if numbered, and the grounds upon which
he claims exemption from the payment of a poll tax
. . . . ."

Article 2955, Vernon's Annotated Civil Statutes of
Texas, provides:

"Every person subject to none of the fore-
going disqualifications who shall have attained
the age of twenty-one (21) years and who shall be
a citizen of the United States, and who shall have
resided in this State one year next preceding an
election, and the last six (6) months within the

district or county in which he or she offers to vote, shall be deemed a qualified elector. The electors living in an unorganized county may vote at an election precinct in the county to which such county is attached for judicial purposes; provided that any voter who is subject to pay a poll tax under the laws of this State, shall have paid said tax before offering to vote at any election in this State and holds a receipt showing that said poll tax was paid before the first day of February next preceeding such election; and, if said voter is exempt from paying a poll tax and resides in a city of ten thousand (10,000) inhabitants or more, he or she must procure a certification showing his or her exemptions, as required by this title. If such voter shall have lost or misplaced said tax receipt, he or she shall be entitled to vote upon making and leaving with the judge of the election an affidavit that such tax was paid by him or her, or by his wife or by her husband before said first day of February next preceding such election at which he or she offers to vote, and that said receipt has been lost or misplaced. In any election held only in a subdivision of a county for the purpose of determining any local question or proposition affecting only such subdivision of the county, then in addition to the foregoing qualifications, the voters must have resided in said county for six (6) months next preceding such election. The provisions of this article as to casting ballots shall apply to all elections including general, special, and primary elections; provided that a city poll tax shall not be required to vote in any election in this State except in city elections."

Article 7046, Vernon's Annotated Civil Statutes, provides:

"There shall be levied and collected from every person between the ages of twenty-one and sixty years, resident within this State on the first day of January of each year (Indians not taxed, and persons insane, blind, deaf or dumb, or those who have lost one hand or foot, or are permenently disabled, excepted), an annual poll tax of one dollar and fifty cents, one dollar for the benefit of the free schools and fifty cents for general revenue purposes. Said tax shall be collected and accounted for by the tax collector each year and appropriated as herein required. No county shall

levy more than twenty-five cents poll tax for
county purposes. The poll tax due from citizens
of unorganized counties shall be paid in the
county to which the unorganized county is attached
for judicial purposes."

Based on these statutes you are advised in reference
to the legislative poll tax (that is, the fifty cents tax for
general revenue purposes and twenty-five cents for county pur-
poses) that:

1. A disabled veteran of a foreign war (where such dis-
ability is forty (40%) per cent or more) residing in a city of
10,000 inhabitants or more, shall be entitled to vote in the
November election without being required to pay a poll tax, pro-
viding that he sustained said disability on or prior to January
1, 1943, and has secured an exemption certificate on or prior to
January 31, 1944, from the County Tax Assessor-Collector of the
county of his legal residence on January 1, 1943.

2. A disabled veteran of a foreign war (where such
disability is forty (40%) per cent or more) residing elsewhere
than in a city of 10,000 inhabitants or more, shall be entitled
to vote in the General Election without being required to pay a
poll tax or secure an exemption certificate, providing said
disability occurred on or prior to January 1, 1943.

The foregoing answers would also apply if the entire
poll tax of $1.50 or $1.75 (in case a county tax has been levied)
were considered only as a legislative tax. The poll tax for
which voters now hold a receipt is the tax which was levied as of
January 1, 1943. We, therefore, see that the Legislature has not
by its enactments extended the exemption from the 1943 poll tax
to those veterans who have sustained a forty (40%) per cent dis-
ability since January 1, 1943.

The poll tax of one dollar "on every inhabitant of this
State between the ages of 21 and 60" as levied by Article 7, Sec-
tion 3 of the Texas Constitution cannot, in our opinion, be con-
sidered as strictly a legislative levy. Article 7, Section 3 of
the Texas Constitution in so far as applicable here reads as
follows:

"One fourth of the revenue derived from the
State occupation taxes and a poll tax of one dol-
lar on every inhabitant of the State, between the
ages of twenty one and sixty years shall be set
apart annually for the benefit of the public free
schools".

Our Texas Court of Criminal Appeals in Solon vs. State (1908) 114 S.W. 349, at page 359, in speaking of this provision of the Constitution said:

"Under this provision of Section 3, Art. 7 of the Constitution above quoted there is, in express terms levied in this state a poll tax on every male inhabitant thereof between the ages named therein; and if this section of the Constitution is to control such poll tax is fixed without the necessity of legislative action. The provision standing alone, is definite, fixed, and as certain as any legislative action can make it. We think the law, if we shall hold this section controls, could be sustained on the ground that this provision of the Constitution is self-executing and in terms levies a poll tax on all persons between the ages named, and that the exceptions of the persons, and classes of persons, named in Article 5048 of our Revised Statutes could be held to be invalid and unavailing, so that the law and tax could stand and the attempted exceptions fail."

Our Supreme Court of Texas in Powell v. City of Baird (1937) 133 Tex. 489, 128 S.W. (2d) 786, at page 787 in speaking of this section said:

"Section 3 of Article VII of our Constitution, supra, so far as applicable here, has effect to levy annually a one dollar poll tax for the benefit of the public free schools of this State."

The holding that the portion of Article 7, Section 3, relating to the levy of one dollar poll tax is self executing is in line with decisions of our Supreme Court holding other sections of our Constitution to be self-executing. 9 Tex. Jur. 423.

The exemptions from the payment of a poll tax as provided for by the Legislature in Article 2959, 2960 and 7046, supra, are no where to be found in the Constitution. Article 6, Section 1 of the Texas Constitution prohibits certain classes of persons from voting, viz: "First: persons under twenty-one (21) years of age, Second: Idiots and lunatics. Third: All paupers supported by any county. Fourth: All persons convicted of any felony, subject to such exceptions as the Legislature may make. Fifth: All soldiers, marines and seamen, employed in the service of the army or navy of the United States." This last provision relating to soldiers, marines and seamen was amended in 1932 so as to permit all members of the armed forces in the service of

the United States Government, except members of the Regular Army and Regular Navy, to vote provided they are otherwise qualified to vote. See our opinion No. 0-5779, addressed to you as of January 15, 1944. Carpenter v. Sheppard, 135 Tex. 413, 145 S.W. (2d) 562. The prohibitions of Article 6, Section 1 relate to voting and not to the payment of a poll tax. The persons who are thus prohibited could not vote even though they paid a poll tax. There are many people subject to the payment of a poll tax who nevertheless do not have a right to vote. This is due to the fact, as previously noted, that the payment of a poll tax was not made a qualification for voting until 1902, whereas the provision levying the poll tax has been in the Constitution since its adoption in 1876.

Since the exemptions from the payment of the poll tax which the Legislature has provided in Article 2959, 2960 and 7046 are not to be found in our Constitution, we come to the narrow question of whether these exemptions can relieve a tax-payer of his obligation to pay the one dollar constitutional poll tax. This part of the poll tax is, as we have seen, levied by the Constitution itself. Article 3, Section 55 of the Con-stitution provides:

> "The Legislature shall have no power to re-lease or extinguish, or to authorize the releas-ing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any cor-poration or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

Article 6, Section 2 of the Constitution provides, as we have noted, that in order to be qualified to vote "any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election." It is well settled, of course, that the Constitution of Texas which is our fundamental law is part of the law included in the phrase "under the laws of the State of Texas" as used in Article 6, Section 2, supra. In this connection the Supreme Court in the recent case of Powell v. City of Baird, 128 S.W. (2) 789, 790, said:

> "As used in the above constitutional provi-sion the word 'under' is certainly used as a pre-position, indicating subjection, guidance, or control. It is used in a sense of 'by authority of'."

There is no principle of constitutional law more firmly entrenched in our jurisprudence than the proposition announced by our Supreme Court in Cameron v. Connally, 117 Tex. 159, 299 S.W. 221. The Court at page 223 in that opinion said:

"The Constitution having prescribed the quali- fications of those entitled to vote in this elec- tion, no charter provision prescribing qualifica- tions was necessary, and none could be made other than as provided by fundamental law. The following language of the court in the case of Koy v. Schneider, 110 Tex. at pages 377 and 378, 218 S.W. 480, is apt and controlling to wit:

"'. . . . All the authorities seem in accord with the statement that 'where the right of suffrage is fixed in the constitution of a state, as is the case in most states, it can be restricted or changed by an amendment to the constitution or by an amend- ment to the federal Constitution, which, of course, is binding upon the states. But it cannot be re- stricted or changed in any other way. The legisla- ture can pass no law directly or indirectly either restricting or extending the right of suffrage as fixed by the Constitution.' 10 A. & E. Encyclopedia of law, 573, 576; 15 Cyc. 282, 8 R.C.L. Sec. 41.

"In Cooley's Constitutional Limitations, in section 599, it is said: 'Whenever the Constitu- tion has prescribed the qualifications of electors, they cannot be changed or added to by the Legisla- ture or otherwise than by an amendment to the Con- stitution.'

"'The rule stated was approved in the opinion of Justice Ramsey in Solon v. State, 4 Tex. Cr. (54 Tex. Cr. R.) 261, 114 S.W. 349, where it is said: 'Where a Constitution has conferred the right and prescribed the qualifications of electors, it, of course, is paramount until amended, and the Legislature cannot change or add to them in any way; but, where the Constitution does not fix the right of suffrage or prescribe the qualifications of voters, it is competent for the Legislature, as the repre- sentative of the lawmaking power of the State, to do so.'"

See, also, Wendover v.Tobin, 261 S.W. 434, 438; McCutcheon v. Wozercraft, 116 Tex. 440, 294 S.W. 1105, Ramsey v. Wilhelm 52 S.W. (2) 757, writ refused and Powell v. City of Baird, 133 Tex.

489, 128 S.W. (2) 786. The Constitution having by Article 7, Section 3, levied a poll tax of one dollar "on every inhabitant of this State between the ages of 21 and 60 years" and having by amendment to Article 6, Section 2 provided since 1902 that the payment of this tax shall be a qualification for voting "at any election in this State", the Legislature is without power to exempt classes of persons between the ages of 21 and 60 from the payment of this poll tax or to authorize such persons to vote without payment of such tax, as it has attempted to do in Articles 2959 and 2960.

This distinction between the portion of the poll tax which may be forgiven and the portion which may not, is recognized by the Legislature in Article 5840, Vernon's Annotated Civil Statutes, which provides in part, that:

"All officers and enlisted men of the active militia of this State, who comply with their military duties as prescribed by this chapter, shall be entitled to exemption from the payment of all poll taxes, except the poll tax prescribed by the Constitution for the support of the public schools; . . . . ."

In this connection see our opinion No. 0-5808 issued January 26, 1944, wherein this distinction is further pointed out.

This identical constitutional question was presented to and passed upon by the late Chief Justice Cureton of the Supreme Court of Texas, while he was Attorney General of Texas. In Attorney General's opinion No. 1972 that distinguished jurist in a conference opinion signed by himself and by Federal District Judge W. A. Keeling, who then was First Assistant Attorney General, held that:

"It is, therefore, apparent that since the Constitution, in express terms, levies a poll tax the Legislature is powerless to now ingraft exceptions to the constitutional amendment as it was enacted by the people."

You are, therefore, advised that it is the considered opinion of this department that Articles 2959, 2960 and 7046, Vernon's Annotated Civil statutes are unconstitutional in so far as they purport to exempt the classes of persons therein named from the payment of the one dollar constitutional poll tax or to make those classes of persons qualified voters without the payment of any poll tax. We, therefore, answer your first question in the negative.

This disposes, also, of your second question which is conditioned on an affirmative answer to your first question.

Respectfully submitted

Grover Sellers
ATTORNEY GENERAL OF TEXAS

By s/Fagan Dickson
Fagan Dickson
Assistant

By s/J.C. Davis, Jr.
J.C. Davis, Jr.
Assistant

FD/JCD/bt/ff/wc


APPROVED NOV 4, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

This Opinion Considered and Approved in Limited Conference