

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Fred V. Meridith
County Attorney, Kaufman County
Kaufman, Texas

Opinion No. 0-7022

Re: 1. Do the provisions of
Article VI, Sec. 2a, Con-
stitution of Texas, exempt-
ing persons named therein
from payment of a poll tax
as a condition precedent
to the right to vote, apply
to a poll tax levied by a
city? And related questions.

2. Does the Governor have
the authority to restore
the right to operate a motor
vehicle upon the public high-
ways to a person who has been
convicted of driving while in-
toxicated?

3. May witness and mileage
fees in misdemeanor criminal
cases be paid to residents
of the county?

Dear Sir:

In your letter of January 5, 1946, you request
the opinion of this Department on several different
questions. For convenience in replying, we will restate
your questions and answer each in turn.

1. Is a veteran who comes within the provisions
of section 2a of Article VI of the Constitution of Texas,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and thus has the right to vote without the payment of a poll
tax, in any election held under authority of the laws of this
State, nevertheless liable for the payment of such poll tax,
so that it will become a delinquent tax against him unless it
is paid by January 31st?

The Constitution and Statutes of Texas provide for the
levy and collection of poll taxes. Constitution, Article VI,
Sec. 2; Article VII, Sec. 3, Article VIII, Sec. 1; Vernon's Re-
vised Civil Statutes of 1925, Articles 7046, 2959, 1030. Article
2959 provides that the poll tax shall be paid between the first
day of October and the first day of February.

Article VI, Sec. 2, of the Constitution provides that
any voter who is subject to pay a poll tax under the laws of the
State of Texas shall have paid said tax before offering to vote
at any election in this State and hold a receipt showing that
said poll tax was paid before the first day of February next
preceding such election or make affidavit that such receipt
has been lost or mislaid.

Article VI, Sec. 2a of the Constitution (adopted Aug.
25, 1945,) provides:

"Nothing in this Constitution shall be con-
strued to require any person, who at the time of the
holding of an election hereinafter referred to is,
or who, within eighteen months immediately prior
to the time of holding any such election was, a mem-
ber of the armed forces of the United States or of
the Armed Force Reserve of the United States, or
of any branch or component part of such armed forces
or Armed Force Reserve, or the United States Maritime
Service or the United States Merchant Marine, and who
is otherwise a qualified voter under the laws and Con-
stitution of this state, to pay a poll tax or to hold
a receipt for any poll tax assessed against him, as
a condition precedent to his right to vote in any
election held under the authority of the laws of this
state, during the time the United States is engaged
in fighting a war, or within one year after the close
of the calendar year in which said war is terminated.

Honorable Fred V. Meridith - Page #3

"Provided, however, that the foregoing pro-
visions of this section do not confer the right
to vote upon any person who is a member of the reg-
ular establishment of the United States Army, Navy,
or Marine Corps; and provided further, that all per-
sons in the armed forces of the United States, or
the component branches thereof, not members of the
regular establishment of the United States Army,
Navy, or Marine Corps, are hereby declared not to
be disqualified from voting by reason of any pro-
vision of sub-section 'Fifth' of Section 1, of this
Article."

In our Opinion No. O-6821, addressed to Honorable
George H. Sheppard, we said:

". . . this amendment does not exempt anyone
from the payment of the poll tax levied by other
sections of the Constitution and by the statutes
enacted in pursuance thereof. This amendment pro-
vides only that the named persons shall not be re-
quired to pay a poll tax or to hold a receipt for
any poll tax which might have been assessed against
them as a condition precedent to their right to vote
in the elections specified. . . ."

It is therefore our opinion that those veterans coming
within such constitutional provision, although they are per-
mitted to vote without payment of a poll tax, are nevertheless
liable for the payment thereof, and the same becomes a delin-
quent tax against them if not paid on or before January 31st.

2. Does this constitutional amendment apply to a
poll tax levied by a city?

It will be noted that the benefits of the amendment
extend to "any election held under the authority of the laws
of this state." A city election is an election held under
the authority of the laws of this state.

As to the levy of a poll tax by a city, the Supreme
Court of Texas said, in the case of Powell v. City of Baird,
133 T. 489, 128 S. W. 2d. 786:

97

"It is our opinion that a poll tax is levied under a State law, within the meaning of Section 2 of Article VI of our State Constitution, if some State law directly authorizes such levy. In this instance Article 1030, R.C.S., as amended, supra, directly authorizes cities to levy and collect poll taxes. It follows that such poll taxes, when so levied, are levied by direct authority of a State law, and are, therefore, levied under a State law. Webster's New International Dictionary; 65 C. J. 1202; Savage v. Umphries, Tex. Civ. App. 118 S. W. 893; Linger v. Balfour, Tex. Civ. App., 149 S. W. 795;.Bonham v. Fuchs, Tex. Civ. App., 228 S. W. 1112. As used in the above constitutional provision, the word 'under' is certainly used as a preposition, indicating subjection, guidance, or control. It is used in a sense of 'by authority of.'"

And in the case of Texas Power and Light Co., v. Brownwood Public Service Co., the court said: (111 S. W. 2d 1226)

"It is now settled law that the language of the Constitution determines the qualifications of the electorate. Neither the statutes nor the provisions of a city charter, which in home rule cities must conform with the Constitution and the general laws of the state, can impose additional qualifications as a prerequisite to the right of its citizens to vote, which are not authorized by the Constitution. McCutcheon v. Wozencraft, 116 Tex. 440, 294 S. W. 1105; Wendover v. Tobin, Tex. Civ. App., 261 S. W. 234; Cameron v. Connally, 117 Tex. 159, 299 S. W. 221; Stahl v. Miller, Tex. Civ. App., 63 S. W. 2d 578."

It is our opinion that this amendment applies to a poll tax levied by a city.

3. What should the election judges require of the soldier or veteran who desires to vote, claiming the benefit of the constitutional amendment above set out? Must he require an affidavit?

Honorable Fred V. Meridith - Page #5

In such cases the usual proof of right to vote (possession of a poll tax receipt or an exemption certificate) is lacking. Therefore the following articles from Vernon's Civil Statutes of 1925, relating to the conduct of elections is material:

"Art. 3006. 2999   Examination of challenged voter

"When a person offering to vote shall be objected to by an election judge or a supervisor or challenger, the presiding judge shall examine him upon an oath touching the points of such objection, and, if such person fails to establish his right to vote to the satisfaction of the majority of the judges, he shall not vote. If his vote be received, the word, 'sworn,' shall be written upon the poll list opposite the name of the voter."

"Art. 3007.   790-3000   Vote challenged

"In any election, State, county or municipal, being held in any city or town of ten thousand inhabitants or more according to the preceding Federal Census, when the right of any elector to vote is challenged, the following proceedings shall be had:

"1. The judges of election shall refuse to accept such vote of such elector unless in addition to his own oath he proves by the oath of one well known resident of the ward that he is a qualified voter at such election and in such ward.

"2. When such vote is accepted the word 'challenged' shall be written on the ballot, and the judges shall cause the clerk of election to make a minute of the name of the elector and the party testifying under oath as to his qualifications, and such memoranda shall be kept by the county clerk of the county for six months after such election is held, subject to order of the district judge."

Honorable Fred V. ..eridith- Page #6

"Art. 3008. 3001 Delivery of ballot

"When the judges are satisfied as to the right
of the citizen to vote, the judge shall stamp in
legible characters with a stamp of wood or rubber
the poll tax receipt or certificate of exemption
with the words: 'Voted . . . . . . day of . . . . . .,
D. A. 19 . . . . .' Or write the same words in ink
and then return said receipt or certificate to the
voter, and shall at the same time deliver to him
one official ballot on the blank side of which the
presiding judge shall have previously written his
signature. The voter shall then immediately repair
to a voting booth or a place prepared for voting
by the election officers, and there prepare his
ballot in the manner provided by law."

Under these statutes it is our opinion that, when
an elector claims the right to vote under the provisions of
Article VI, Sec. 2a, of the Constitution, it is the duty of
the election judges to satisfy themselves of his right to
vote before permitting him to cast his ballot. That they
may so satisfy themselves by examining him under oath or by
his affidavit, as the case may be; but they must do so if
the voter is challenged. Clark v. Stubbs, 131 S. W. 663.

Your fourth question is answered by our Opinion No.
O-6052, a copy of which is enclosed.

5. Are witnesses duly subpoenaed in misdemeanor
cases tried in the county of their residence entitled to claim
witness fees and mileage for their attendance upon the court
during the trial of such cases?

Article 1036 of our Code of Criminal Procedure pro-
vides in part:

"(1) Any witness who may have been subpoenaed,
or shall have been recognized or attached and given
bond for his appearance before any Court, or before
any grand jury, out of the county of his residence,
to testify in a felony case regardless of disposition
of said case, and who appears in compliance with the
obligations of such recognizance or bond, shall be
allowed Three (3) Cents per mile going to and return-
ing from the Court or grand jury, by the nearest prac-
tical conveyance, and Two Dollars ($2) per day for
each day he may necessarily be absent from home as a
witness in such case; . . ."

Honorable Fred V. Meridith - Page #7

Such fees and mileage are to be paid by the State. Articles 1078, 1079 and 1080, C. C. P., provide:

"Art. 1078  (1188)  (1138)  Fees of witnesses

"Witnesses in criminal cases shall be allowed one dollar and fifty cents a day for each day they are in attendance upon the court, and six cents for each mile they may travel in going to or returning from the place of trial."

"Art. 1079,  (1189)  (1139)  Taxed against defendant

"Upon conviction, the costs accruing from the attendance of witnesses shall be taxed against the defendant, upon the affidavit of such witness, or of some credible person, stating the number of days that such witness has attended upon the court in the case, and the number of miles he has traveled in going to and returning from the place of trial. The affidavit shall be filed with the papers in the case."

"Art. 1080.  (1190)  (1140)  No fees allowed

"No fees shall be allowed to a person as witness fees unless such person has been subpoenaed, attached or recognized as a witness in the case."

Article 1055, C. C. P., as amended, provides:

"Art. 1055.  Half costs paid officers

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project. And to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated. As amended Acts 1937, 45th Leg., p. 1323, ch. 488, Sec. 1; Acts 1939, 46th Leg., p. 143, Sec. 1."

<u>Honorable Fred V. Meridith - Page #8</u>

We find no Texas decision directly in point on the question here presented. But in Lay v. State, 83 Cr. R. 222, 202 S. W. 729, the Court of Criminal Appeals decided a similar question. We quote from the opinion in that case:

"Appellant insists that, inasmuch as the officer was a salaried policeman, he was not entitled to charge witness fees, and refers us to section 1137b, Vernon's Crim. Stats. 1916, an act of the Legislature of 1913. That statute applies to witness fees in felony cases, the costs to be paid by the state. It provides that no witness fee shall be paid to peace officers, nor to any witness in habeas corpus cases or summoned on motion to change venue, and provides further that no fee shall be approved by the court in any case where the charge includes a misdemeanor case until the case is finally disposed of, and in case of a conviction for misdemeanor no fees shall be paid by the state; and it also provides that witnesses attending court in more than one case at the same time shall receive fees in only one case; and provided further that in no event the state shall pay per diem in any one case more than $5 to any witness in any one case at any one term of court. It will be noticed that these fees are to be paid by the state, not by the defendant. The same rule does not apply in ordinary misdemeanor cases. It is understood to be the rule with reference to charging fees that none will be permitted except where authorized by statute; that is, it is a prerequisite before fees may be charged that the Legislature pass suitable legislation authorizing the charging and paying of such fees, whether by the state or the defendant. With reference to misdemeanors, there is no interdiction of the charging of witness fees so far as officers are concerned. They seem to come within the general class of witnesses, and are entitled to the same fees as other witnesses in misdemeanor cases. A witness in a misdemeanor case can be paid no fees other than those provided, but is entitled to charge such fees as the statute enacts. There being no difference with reference

Honorable Fred V. Meridith - Page #9

to misdemeanor cases as to the character of wit-
nesses, whether officers or not, the officer would
come within the general category, as we understand
the law, as witness. His official character, so
far as that proposition is concerned, would make
no difference. There are no traveling expenses
in the case to complicate; therefore we have the
question as to whether or not an officer in mis-
demeanor cases can charge fees as a witness for
his attendance upon the court. We are of the
opinion that he can, and that the court did not
err in allowing the fees charged by the officer."

We are therefore of the opinion that such witness
fees and mileage are payable to in-county witnesses, duly
subpoenaed, in misdemeanor cases. But neither the State nor
the county are liable therefor, and they can be paid to the
witness only when charged as costs and collected from the
defendant, upon conviction.

We are enclosing copies of our Opinions Nos. 0-6821,
0-6828, 0-8052, 0-6456 and 0-6955.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. R. Allen
Assistant

WRA:zd

