**HOWERTON et al. v. CITY OF FORT WORTH et al.**

No. 15144.

Court of Civil Appeals of Texas.
Fort Worth.

June 23, 1950.

Rehearing Denied July 14, 1950.

Doyle Willis, Rex McEntire, Oliver W. Fannin and Oliver W. Fannin, Jr., all of Fort Worth, for appellants.

Heard L. Floore, Sam A. Woodward and R. E. Rouer, all of Fort Worth, for appellees.

McDONALD, Chief Justice.

Acts 1949, 51st Leg., p. 564, ch. 307, also referred to by the parties as House Bill No. 391, and as Article 6243i, Vern.Tex.Civ. St., provides for the creation of a police officers' pension system in all cities in the State having a population of not less than 175,000 nor more than 240,000. Fort Worth falls within this population bracket. The questions necessary to be decided on appeal pertain to the constitutionality of this statute.

In 1944 two amendments to the Texas Constitution, art. 3, Vernon's Ann.St., were adopted which respectively read as follows:

"Sec. 51-e Each incorporated city and town in this State shall have the power and authority to provide a system of retirement and disability pensions for its appointive officers and employees who have become disabled as a direct and proximate result of the performance of their duties, or have passed their sixty-fifth birthday, or have been employed by such city or town for more than twenty-five (25) years and have passed their sixtieth birthday, when and if, but only when and if, such system has been approved at an election by the qualified voters of such city or town entitled to vote on the question of issuance of tax supported bonds; provided that no city or town shall contribute more than the equivalent of seven and one-half (7½) per centum of salaries and wages of the officers and employees entitled to participate in its pension system, and that said officers and employees shall contribute a like amount; and this Amendment shall not reduce the authority nor duty of any city or town otherwise existing."

"Sec. 51-f The Legislature of this State shall have the authority to provide for a system of retirement and disability pensions for appointive officers and employees of cities and towns to operate Statewide or by districts under such a plan and program as the Legislature shall direct and shall provide that participation therein by cities and towns shall be voluntary; provided that the Legislature shall never make an appropriation to pay any of the cost of any system authorized by this Section."

Prior to that time there were no provisions of the Constitution which expressly authorized the Legislature to enact pension laws covering employees of municipalities, but a number of such laws had been enacted, and it had been settled by Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738; City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009, 112 A.L.R. 997; and McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722, that they were not unconstitutional.

The trial court held that the statute in question was invalid, and appellees seek to uphold the judgment on the grounds herein discussed.

First, it is asserted that the power of the Legislature to enact a statute like Article 6243i was taken away by the above quoted constitutional amendments, Sections 51-e and 51-f of Article III.

When the amendments are examined, it is seen that neither of them expressly forbids the Legislature to enact a statute like Article 6243i. Section 51-e pertains only to the power of a city to provide a pension system, and does not pertain to the power of the Legislature to do so. It appears to us that Section 51-f pertains only to the creation by the Legislature of a pension system designed to operate on a statewide basis, or by districts, as distinguished from systems designed to operate separately in various cities. There is no language in either of the amendments expressly terminating the power of the Legislature to pro-

vide by general laws for the establishment of systems operating separately in the cities covered thereby. Appellees are thus necessarily driven to the contention, which they make, that the power of the Legislature just mentioned was cut off by necessary implication, under the theory that the two amendments were intended to cover the entire field of municipal pensions.

■ It has often been held that every law passed by the Legislature of this State it valid, unless its enactment is prohibited by some provision of the Constitution of the United States or of this State, either expressly or by necessary implication. Duncan v. Gabler, 147 Tex. 229, 215 S.W. 2d 155, and other cases there cited. Illustrative of the policy adopted by our courts is the following declaration in Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650, 656: "When a judge pronounces a law to be contrary to the constitution, he must be able to put his finger upon the provision of that instrument which prohibits the act, or from which the prohibition necessarily arises."

To quote from Koy v. Schneider, 110 Tex. 369, 218 S.W. 479, 221 S.W. 880, 888: "Every intendment and presumption being in favor of the constitutionality of a statute, it should not be held invalid unless its unconstitutionality be made to appear beyond any reasonable doubt."

■ Referring to other municipal pension laws enacted since the adoption of the quoted constitutional amendments, appellants cite the established rule that "contemporaneous and practical construction of constitutional provisions by the Legislature, in the enactment of laws, has great weight, and gives rise to a strong presumption that the construction rightly interprets the meaning of the provisions." Walker v. Meyers, 114 Tex. 225, 266 S.W. 499. Appellants also rely heavily on Collingsworth County v. Allred, 120 Tex. 473, 40 S.W.2d 13, 17, the facts and the controlling problem in which bear some analogy to those of the case on appeal. There the court said that the people through amendment of the Constitution could abolish a long recognized power of the Legislature,

but further said, in effect, that there would have to be a "most direct and explicit declaration of such intention." The court quoted with approval the following from the opinion in Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373, 376: "The abrogation of an important public power of long existence and continued legislative sanction, whose lawful exercise will afford a public benefit, ought to rest upon surer ground than the mere construction of statutes. It ought to be found in clear legislative declaration. There is where we would ordinarily look for it, and there is where it ought to be expressed."

Appellees argue that the two amendments, taken together, constitute such a complete whole that they necessarily give rise to the implication that it was intended to forbid thereafter the creation of any municipal pension systems except in the manner authorized by the two amendments. They also cite the rule expressed as follows in Parks v. West, 102 Tex. 11, 111 S.W. 726, 727: "It is a rule for the construction of constitutions, constantly applied, that where a power is expressly given and the means by which, or the manner in which, it is to be exercised is prescribed, such means or manner is exclusive of all others."

■■ The validity of Article 6243i does not, precisely speaking, depend upon a grant of authority to the Legislature in the quoted amendments, Sections 51-e and 51-f, because it already had the authority to enact such a statute before the amendments were adopted. Neither of the amendments prescribes a means or manner for the Legislature to follow in creating, by general laws, pension systems which operate separately in cities involved. The two amendments, so far as their express provisions indicate, are intended to govern creation of pension systems in two types of situations, one where the city, as distinguished from the Legislature, creates the system, the other where the Legislature creates a system to operate on either a statewide or a district basis. There is no express language in them declaring whether or not, or in what manner, the Legislature may by general law create systems for the individ-

ual cities. To us it seems clear that the amendments do not, expressly or by implication, relate to the kind of law involved in the case on appeal.

As stated above, Article 6243i applies to cities having a population of not less than 175,000 nor more than 240,000. This fact does not render the statute subject to the charge that it is special legislation, in violation of Section 56, Article III, of the Constitution. Dry v. Davidson, Tex. Civ.App., 115 S.W.2d 689, writ refused.

At the time Article 6243i was enacted there was in effect in Fort Worth a pension system covering all of the city employees. Article 6243i contains the following provision: "Immediately upon this Act becoming a law, there shall be transferred to the Police Officers' Pension System the pro rata share of any pension fund heretofore existing to which police officers have contributed, including the pro rata part of the fund paid by the city and all accumulated interest on the money which both the policemen and the city have heretofore contributed to the fund. It shall be the duty of the city official or officials responsible for said existing fund to make such transfer immediately."

Appellees contend that the quoted provision, requiring a transfer of funds from the present pension fund to the fund created by Article 6243i, is in violation of Section 16, Article I, of the Constitution of Texas, and the Fourteenth Amendment to the Constitution of the United States, in that it impairs the vested rights of the members of the present system and their contracts with respect thereto. The decisions in City of Dallas v. Trammell, 129 Tex. 150, 101 S.W.2d 1009, 112 A.L.R. 997, and Woods v. Reilly, 147 Tex. 586, 218 S. W.2d 437, compel a holding to the contrary. The question is fully discussed in the cited opinions, and it is not necessary here to do more than state the general rule that there is no vested right or interest in pensions of the kind here involved which will prevent the Legislature from repealing the law upon which the system is founded, or modifying the law in such way as to

diminish the amount of future pensions. It is said in the Trammell case: "It is well settled that the mere circumstance that a part of the pension fund is made up by deductions from the agreed compensation of employees does not in itself give the pensioner a vested right in the fund, and does not make it any less a public fund subject to the control of the Legislature." [129 Tex. 150, 101 S.W.2d 1012] We hold that the Legislature was not without authority to compel a transfer of the fund from the trustees who had been in possession of it to the trustees named by Article 6243i.

The statute provides that the members of the system shall pay into the fund not less than four per cent nor more than seven per cent of their statutory and longevity pay, and that the Pension Board named in the statutes shall set the amount to be paid, subject to the limitation just mentioned. The statute further provides for payment by the city into the fund of an amount equal to that paid by the employees. Appellees contend that the result is an improper attempt by the Legislature to delegate to the Pension Board the power to levy an assessment in the nature of a tax against the city.

We overrule the contention under authority of Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070; Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S. W.2d 629; and Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053. The Legislature doubtless contemplated that conditions would vary in different cities, or at different times in the same city, to the extent that a uniform rate of deduction from the employees' salaries, with a like sum from the city, might not in every case produce the amount of money needed to operate the pension system on a sound basis, and it therefore delegated to the Pension Board, within reasonable limits, the power to fit the rate of assessment to the needs of the occasion.

It is our holding that the statute does not contravene the terms of the Constitution in the respects discussed, so it is our order

that the judgment of the trial court be reversed and that the cause be remanded to the trial court for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.