## CITY OF FORT WORTH ET AL V. A. C. HOWERTON ET AL.

No. A-2861. Decided January 31, 1951.
Rehearing overruled March 7, 1951.
(236 S. W., 2d Series, 615.)

*Sam A. Woodward, Heard L. Floore*, and *R. E. Rouer*, of Fort Worth, for petitioners.

The City of Forth Worth having in operation a system of retirement for its appointive officers established under and by constitutional authority, (Article 3, section 51-e and f) it was error for the Court of Civil Appeals to hold that a subsequent act of the Legislature establishing a pension system for police officers was not subject to said article and section of the Constitution, and was inoperative as to the City of Fort Worth. Cramer v. Sheppard, 140 Texas 271, 167 S. W. 2d 147; Cox v. Robison, 105 Texas 426, 150 S. W. 1149; Duncan V. Gabler, 147 Texas 229, 215 S. W. 2d 155.

*Willis & McEntire, Doyle Willis, Rex McEntire, Chas. J. Murray, Oliver W. Fannin* and *Oliver W. Fannin, Jr.*, all of Fort Worth, for respondents.

House Bill No. 391, entacted by the 51st Legislature and being Article 6243i of Vernon's Civil Statutes of Texas, is in all respects valid and constitutional and in full force and effect in the City of Fort Worth and the Court of Civil Appeals was not in error in so holding. Smith v. Patterson, 111 Texas 535, 242 S. W. 749; Dendy v. Wilson, 142 Texas 460, 179 S. W. 2d 269; Jones v. Williams, 121 Texas 94, 45 S. W. 2d 130.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was brought by respondents against the petitioners for mandatory relief to compel the City of Fort Worth to adopt and put into effect the provisions of Article 6243-i (H. B. 391), Vernon's Annotated Civil Statutes, passed by the Fifty-first Legislature in 1949, and to compel the Board of Trustees of The Employees' Retirement Fund of the City of Fort Worth, which was established by the City in 1945, under the provisions of Section 51-e of Article 3 of the Constitution of Texas, to transfer to the Police Officers' Pension System created under

Article 6243-i a portion of the trust funds held by it in an amount equal to the pro rata part thereof which was contributed by the police officers, as well as that pro rata part that was contributed by the City in their behalf, together with the accumulated interest on said pro rata parts. The case was tried before the court without a jury, and the court found Article 6243-i inoperative against petitioners, and also found that it was unconstitutional and void, and denied respondents relief. The case was appealed to the Court of Civil Appeals, and that court reversed the judgment of the trial court, and held that Article 6243-i was operative against the petitioners, and that it was valid and constitutional, and reversed the cause for further proceedings consistent with the opinion of the Court of Civil Appeals. 231 S. W. 2d 993.

This suit involves Section 51-e and Section 51-f of Article 3 of the Constitution of Texas, adopted in 1944, and Article 6243-i passed by the Legislature in 1949.

Section 51-e reads: "Each incorporated city and town in this State shall have the power and authority to provide a system of retirement and disability pensions for its appointive officers and employees who have become disabled as a direct and proximate result of the performance of their duties, or have passed their sixty-fifth birthday, or have been employed by such city or town for more than twenty-five (25) years and have passed their sixtieth birthday, when and if, but only when and if, such system has been approved at an election by the qualified voters of such city or town entitled to vote on the question of issuance of tax supported bonds; provided that no city or town shall contribute more than the equivalent of seven and one half (7-1/2) per centum of salaries and wages of the officers and employees entitled to participate in its pension system, and that said officers and employees shall contribute a like amount; and this Amendment shall not reduce the authority nor duty of any city or town otherwise existing."

Section 51-f authorizes the Legislature to provide a pension system for certain officers and employees of cities and towns, to operate statewide or by districts, under such plans as the Legislature shall direct, but that participation therein by cities and towns shall be voluntary. Section 51-f reads:

"The Legislature of this State shall have the authority to provide for a system of retirement and disability pensions for appointive officers and employees of cities and towns to operate Statewide or by districts under such a plan and program as the

Legislature shall direct and shall provide that participation therein by cities and towns shall be voluntary; provided that the Legislature shall never make an appropriation to pay any of the cost of any system authorized by this Section."

Article 6243-i creates a comprehensive Police Officers' Pension System in cities of 175,000 to 240,000 population. It provides for a Pension Board of seven members, and describes in detail the plans for such system. Section 1 of Article 6243-i reads:

"There is hereby created in this State a Police Officers' Pension System in all cities having a population of not less than one hundred and seventy-five thousand (175,000) inhabitants, nor more than two hundred and forty thousand (240,000) inhabitants, according to the last preceding or any future Federal Census; provided, however, that once such pension system becomes operative in any city, any right or privilege accruing to any member thereunder shall be a vested right and the same shall not be denied or abridged thereafter through any change in population of any such city taking such city out of the population bracket as herein prescribed, and said pension system shall continue to operate and function regardless of whether or not any future population exceeds or falls below said population bracket."

Section 10 reads: "Immediately upon this Act becoming a law, there shall be transferred to the Police Officers' Pension System the pro rata share of any pension fund heretofore existing to which police officers have contributed, including the pro rata part of the fund paid by the city and all accumulated interest on the money which both the policemen and the city have heretofore contributed to the fund. It shall be the duty of the city official or officials responsible for said existing fund to make such transfer immediately."

It is undisputed: (1) That the City of Fort Worth complied with the provisions of Section 51-e of the Constitution, and established The Employees' Retirement Fund of that city, and that that system became effective January 1, 1946, and has been in full force and effect since that time. (2) That it is provided that the fund created shall be administered by a board consisting of five members. (3) That on December 31, 1949, there were 1868 members of The Employees' Retirement Fund of the City of Fort Worth, of which number 326 were members of the Police Department. (4) That on December 31, 1949, the Trus-

tees of The Employees' Retirement Fund had in their custody an accumulated reserve fund of $1,611,164.35, and that the board was duly constituted, and had accepted the trust. (5) That the City of Fort Worth refused to adopt Article 6243-i or any of its provisions.

Article 6243-i provides for a new and distinct pension system. The Board of Trustees is selected in an entirely different manner than the Board of Trustees of The Employees' Retirement Fund, and there is a pronounced difference regarding the retirement age. Not only is there a substantial difference in the amount of compensation paid to the beneficiaries, but the number of beneficiaries under the provisions of Article 6243-i is considerably larger. Under the provisions of The Employees' Retirement Fund created under Section 51-e of the Constitution, the City of Fort Worth is obligated to contribute not only an amount equal to that contributed by the employee, but also a substantial amount in recognition of prior service. When the City of Fort Worth and the beneficiaries make their respective contributions, they part with the legal title to that money. If an employee leaves the service, he may reclaim the contributions made; but under no circumstances can the funds contributed by the City of Fort Worth be restored to it. The money contributed becomes trust funds, and the Board of Trustees holds the legal title to those funds, and is charged with the responsibility of administering the funds in the way and manner required by the law under which they were created and accumulated. The Board of Trustees is not an administrative body of the City of Fort Worth. Thus it is seen that there is a distinct difference in the system created by the City of Fort Worth under Section 51-e of the Constitution and the system created by the Legislature under Article 6243-i.

This case presents two controlling questions: (1) Whether the Legislature by the enactment of Article 6243-i could change the system adopted by the City of Fort Worth under Section 51-e of the Constitution, and, without the consent of the city, put it under a system created under the provisions of Article 6243-i, and compel certain funds to be transferred from The Employees' Retirement Fund to the System created under Article 6243-i; and (2) whether Article 6243-i is a local or a special law, and subject to the provisions of the Constitution relating to the enactment of such a law.

If the rights fixed under the system created by the City of Fort Worth under Section 51-e of the Constitution cannot

be affected by legislative enactment, then the second and other questions presented become immaterial to a decision here. If the system created under Article 6243-i prevailed, it would mean that the funds contributed under the system established under Section 51-e would not be controlled by the provisions of the Constitution, which authorized the City of Fort Worth to create a pension system thereunder, but would be controlled by the acts of the Legislature, without the consent of the City of Fort Worth.

Section 51-e is expressed in plain, definite, and unambiguous language. It authorized the City of Fort Worth to establish a pension system independent of the Legislature. The City of Fort Worth accepted the offer of its terms, and created The Employees' Retirement Fund thereunder. There is no contention that the system created by the City of Fort Worth is illegal in any respect. The system is functioning according to law, and the trustees of The Employees' Retirement Fund have in their custody a large accumulated reserve fund.

■ The system created under Article 6243-i undertakes to affect the rights and obligations accrued under the system adopted by the City of Fort Worth under a constitutional provision. Clearly this creates a conflict, and the rights accrued under the constitutional provision must prevail. The provisions of the Constitution were adopted by the people, while statutes are enacted by the Legislature; and the Legislature may enact, repeal, or amend statutes, but it does not have the power to repeal or amend the provisions of the Constitution. That power rests exclusively with the people.

It is the general policy of the law, where rights have been fixed under a constitutional provision, that the Legislature is without power to destroy or impair such rights. It is also the general rule that the Legislature does not have power to enact any law contrary to a provision of the Constitution, and if any law, or part thereof, undertakes to nullify the protection furnished by the Constitution, such law, or part thereof, that conflicts with the Constitution is void. Dendy v. Wilson, 142 Texas 460, 468, 179 S. W. 2d 269, 273, 151 A.L.R. 1217; Cameron v. Connally, 117 Texas 159, 165, 299 S. W. 221, 223; Crabb v. Celeste Independent School District, 105 Texas 194, 203, 146 S. W. 528, 532; Love v. City of Dallas, 120 Texas 351, 365, 366, 40 S. W. 2d 20, 26.

■ We hold that certain rights, duties, and obligations have

been created by the City of Fort Worth under the pension system adopted under the provisions of Section 51-e of Article 3 of the Constitution and involved here, and the Legislature is not authorized to change the plan, as is undertaken by Article 6243-i, without the consent of the City of Fort Worth, and that that part of the law which udertakes to do so is inoperative as against the City of Fort Worth.

The trial court correctly held that Article 6243-i was inoperative in this case, and the Court of Civil Appeals erred in holding to the contrary. The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Associate Justice Wilson not participating.

Opinion delivered January 31, 1951.

Rehearing overruled March 7, 1951.