JUD

v.

**CITY OF SAN ANTONIO et al.**

No. 12627.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 30, 1953.

Rehearing Denied Jan. 27, 1954.

Reynolds N. Cate, Marvin W. Reynolds, San Antonio, for appellant.

Jack Davis, C. J. Matthews, San Antonio, for appellees.

NORVELL, Justice.

George F. Jud brought this suit against the City of San Antonio, its governing officials and the Board of Trustees of the Firemen, Policemen and Fire Alarm Operators Pension Fund, to establish his right to a pension by reason of his services as a fireman. The case was before this Court in 1944, Jud v. City of San Antonio, Tex.Civ.App., 182 S.W.2d 260. After a remand by the Supreme Court, Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821, the case remained upon the docket of the trial court until May 1, 1953, where judgment was rendered denying Jud's pension claims. It was stated upon oral argument that during a portion of this period Jud had been in South America.

The case was tried upon an amended petition filed on June 25, 1943, which specifically asserts a pension claim under Article 6243f, Vernon's Ann.Civ.Stats., which was applicable to cities having a population of 200,000 to 293,000 population.

The trial court recited in its judgment that according to the last federal census (1940) before the application for a pension was made, in 1942, San Antonio had a population of 253,850, and that as it appears "that at the time plaintiff had left the service of the City he was under fifty-five years of age and was not unable to perform the duties of a fireman, he therefore was not entitled to a pension as provided by Section 8 of said Article 6243f, and that the Trustees of the Firemen, Patrolmen and Fire Alarm Pension Fund correctly ruled that plaintiff was not entitled to a pension at that time."

According to the 1950 census San Antonio had a population in excess of 293,000 and evidently came under a different pension law. By the enactment of House Bill 273, Acts 52d Legislature, p. 86, in 1951, the Legislature made certain changes in Article 6243f, including the population bracket, so that the law as amended has application to the City of San Antonio under the census of 1950. In view of the amendments, the decree of the court provided that, "This judgment is without prejudice to any rights that have accrued since that time (of application for pension) nor (sic) to any future applications plaintiff may make for a pension or for refund of the money he has paid into the pension fund."

There seems to be some confusion on the part of appellant as to the record. Complaint is made that the "court erred in rendering a general verdict against plaintiff"; that the case was before the court upon special exceptions only; that the court erred in refusing a jury trial; that the verdict was "contrary to the evidence in that the only evidence before the court was the uncontroverted affidavit of plaintiff * * *;" that "the verdict was not supported by the evidence because the defendants placed no evidence in issue before the court," and other like and similar complaints which rest upon a state of facts contrary to the recitals contained in the judgment itself as well as other portions of the record. Support for such claims rests not upon properly authenticated bills of exception, but upon statements of counsel made either in the motion for new trial or the brief filed in this Court. The face of the judgment discloses that the case came on to be heard and the parties by their respective counsel announced ready for trial and "no jury having been demanded, the court proceeded to hear all matters of fact as well as of law in said cause involved." There appears in the transcript a stipulation of the parties which evidently was the primary basis of the court's decision. It further appears that the court, at the request of appellant, filed findings of fact and conclusions of law which support the judgment rendered.

We are of the opinion that no reversible error is disclosed by appellant's brief and the judgment is accordingly affirmed.