

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 5, 1963

Honorable Richard Slack, Chairman
Committee on Municipal Corporations
Capitol Station
Austin, Texas

Opinion No. C-16

Re: Constitutionality of House
Bill 249 of the 58th Legis-
lature.

Dear Mr. Slack:

You have requested our opinion on the constitution-
ality of House Bill 249 of the 58th Legislature applicable
to cities having a population of 350,000 or more inhabit-
ants but less than 400,000 inhabitants according to the last
preceding Federal census, and providing for an increase in
the disability benefits contained in the Firemen's Relief
and Retirement Fund.

The caption of House Bill 249 provides:

"AN ACT requiring cities having a
population of three hundred fifty thousand
(350,000) or more, but less than four hun-
dred thousand (400,000), according to the
last preceding federal census, to increase
the disability benefits contained in their
Firemen's Relief and Retirement Fund, to make
deductions from the salaries of firemen, to
provide monthly contributions of specified
amounts into the Firemen's Relief and Retire-
ment Fund, and to provide a specified invest-
ment policy for surplus funds; providing for
severability; and declaring an emergency."

Section 56 of Article III of the Constitution of
Texas provides in part as follows:

"The Legislature shall not, except as
otherwise provided in this Constitution, pass
any local or special law, . . .

" . . .

-63-

"Regulating the affairs of counties,
cities, towns, wards or school districts;
. . .

"And in all cases where a general law
can be made applicable, no local or special
law shall be enacted; . . ."

Section 51e of Article III of the Constitution of Texas
authorizes each incorporated city and town in this State to
provide a system of retirement and disability pensions for
its appointive officers and employees.

Section 51f of Article III of the Constitution of Texas
provides:

"The Legislature of this State shall
have the authority to provide for a system of
retirement and disability pensions for appoint-
ive officers and employees of cities and towns
to operate Statewide or by districts under
such a plan and program as the Legislature shall
direct and shall provide that participation
therein by cities and towns shall be voluntary;
provided that the Legislature shall never make an
appropriation to pay any of the cost of any sys-
tem authorized by this Section."

In City of Fort Worth v. Howerton, 149 Tex. 614, 236
S.W.2d 615 (1951), the Supreme Court considered the constitu-
tionality of Article 6243i, Vernon's Civil Statutes, an Act
providing for creating of a police officers' pension system in
all cities in the State having a population of not less than
175,000 inhabitants and not more than 240,000 inhabitants, and
held:

"This case presents two controlling ques-
tions: (1) Whether the Legislature by the enact-
ment of Article 6243i could change the system
adopted by the City of Fort Worth under Section
51-e of the Constitution, and, without the consent
of the city, put it under a system created under
the provisions of Article 6243i, and compel
certain funds to be transferred from The Employ-
ees' Retirement Fund to the system created under
Article 6243i; and (2) whether Article 6243i is
a local or a special law, and subject to the

provisions of the Constitution relating
to the enactment of such a law.

"If the rights fixed under the system
created by the City of Fort Worth under
Section 51-e of the Constitution cannot be
affected by legislative enactment, then the
second and other questions presented become
immaterial to a decision here.   . . .

"Section 51-e is expressed in plain,
definite, and unambiguous language. It au-
thorized the City of Fort Worth to establish
a pension system independent of the Legis-
lature. The City of Fort Worth accepted the
offer of its terms, and created The Employees'
Retirement Fund thereunder. There is no con-
tention that the system created by the City of
Fort Worth is illegal in any respect. The
system is functioning according to law, and
the trustees of The Employees' Retirement Fund
have in their custody a large accumulated reserve
fund.

"   . . .

"We hold that certain rights, duties and
obligations have been created by the City of
Fort Worth under the pension system adopted
under the provisions of Section 51-e of Arti-
cle 3 of the Constitution and involved here,
and the Legislature is not authorized to change
the plan, as is undertaken by Article 6243i,
without the consent of the City of Fort Worth,
and that that part of the law which undertakes
to do so is inoperative as against the City of
Fort Worth." (Emphasis added).

Certain rights under the provisions of Article 6243f,
applicable prior to the 1959 amendment to cities having a
population of more than 200,000 inhabitants and less than
293,000 inhabitants, presently applicable to cities contain-
ing more than 350,000 inhabitants and less than 430,000 inhabit-
ants according to the last preceding Federal census, have been
adjudicated by the appellate courts of this State. Davis v.
Peters, 224 S.W.2d 490 (Tex.Civ.App. 1949); Jud v. City of San
Antonio, 263 S.W.2d 789 (Tex.Civ.App. 1953, error ref.).

In Attorney General's Opinion MS-212 (1955), in passing upon the constitutionality of Senate Bill 343, Acts of the 54th Legislature, Regular Session, 1955, chapter 242, page 673, amending Section 17 of Article 6243f, Vernon's Civil Statutes, supra, this office held:

"Since the Legislature is authorized to provide a pension system to operate statewide or by districts, it is our opinion that Section 56 of Article III of the Constitution of Texas prohibiting the enactment of local or special laws regulating the affairs of cities, does not apply to the provisions of Article 6243f and Senate Bill 343 of the 54th Legislature is constitutional.

"This opinion is based on the assumption that the City of San Antonio has not adopted the provisions of Section 51-e of Article III of the Constitution of Texas. See City of Fort Worth v. Howerton, supra, wherein the court stated that if the system is established under Section 51-e of Article III of the Constitution of Texas, such system would be controlled thereby and would not be controlled by the acts of the Legislature."

Therefore, you are advised that the provisions of Section 56 of Article III of the Constitution of Texas prohibiting local and special laws regulating the affairs of cities have no application to the constitutionality of House Bill 249 of the 58th Legislature.

As above noted, however, the Legislature is not authorized to change the plan adopted by the City of Fort Worth pursuant to the provisions of Section 51e of Article III of the Constitution of Texas. City of Fort Worth v. Howerton, supra.

House Bill 249 of the 58th Legislature is presently applicable only to the City of Fort Worth, since the City of Fort Worth, having a population according to the 1960 Federal census of 356,268 inhabitants, is the only city presently falling within the population bracket contained in House Bill 249.

The Employees' Retirement plan of the City of Fort Worth adopted pursuant to the provisions of Section 51e of Article

III of the Constitution of Texas, was put into effect with the adoption of Ordinance No. 2266 by the City of Fort Worth, and later amended by Ordinance No. 2666 and Ordinance No. 2999.

Subdivision 2 of Section 2 of Ordinance No. 2999, amending Ordinances Nos. 2266 and 2666, adopted by the City of Fort Worth, provides:

"Employees eligible for participation in the Retirement Fund shall include all regular employees of the City of Fort Worth except the following employees who shall not be eligible for participation in the Retirement Fund: . . .

" f.  Employees who retain membership in any other local, municipal or State Retirement Fund.   . . ."

Section 3 of this Ordinance provides:

"  . . . Membership in the Fund shall be a condition of employment for all future eligible employees except Fire and Fire Alarm workers."

According to the information furnished this office, no member of the Fire Department of the City of Fort Worth is a member of the Municipal Retirement plan adopted by the City of Fort Worth pursuant to the provisions of Section 51e of Article III of the Constitution of Texas.

Under the terms of Ordinance No. 2266, creating the Employees' Retirement Fund of the City of Fort Worth, firemen who participate in the Fort Worth Firemen's Relief and Retirement Fund are ineligible to participate in the Employees' Retirement Fund of the City of Fort Worth.

Therefore, House Bill 249 of the 58th Legislature, increasing the disability benefits contained in the Fort Worth Firemen's Relief and Retirement Fund and making other amendments to such Fund, does not attempt to change the Fort Worth Municipal Employees' Retirement plan adopted pursuant to the provisions of Section 51e of Article III of the Constitution of Texas.  Based on the assumption that no fireman in the City of Fort Worth is a member of the pension plan adopted pursuant

to the provisions of Section 51e of Article III of the Constitution of Texas, we are of the opinion that House Bill 249 of the 58th Legislature does not attempt to change its pension plan without the consent of the City of Fort Worth. Based on this assumption, you are advised that House Bill 249 of the 58th Legislature is valid.

SUMMARY

Section 56 of Article III of the Constitution of Texas prohibiting the enactment of local or special laws on certain subjects is not applicable to House Bill 249 of the 58th Legislature, amending certain provisions of the Firemen's Relief and Retirement Act applicable to cities having a population of 350,000 or more inhabitants and less than 400,000 inhabitants, in view of the provisions of Section 51f of Article III of the Constitution of Texas which creates an exceptional situation.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Albert Jones
J. S. Bracewell
Cecil Rotsch

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone