

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

*PC 80*

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 9, 1973

The Honorable Maurice S. Pipkin
Executive Director
State Judicial Qualifications Commission
P. O. Box 12265, Capitol Station
Austin, Texas 78711

Opinion H-57

Re: Whether a hearing before a Master comes under Rule 254 of the Texas Rules of Civil Procedure?

Dear Mr. Pipkin:

As executive director of the Judicial Qualifications Commission you have requested the opinion of this office on the question:

> "Does a hearing before a master pursuant to the Rules for the Removal or Retirement of Judges come under Rule 254 of the Texas Rules of Civil Procedure?"

Rule 254, appearing also as Art. 2168a, V.T.C.S., as amended by H.B. 264 by the 63rd Legislature, makes a continuance of the cause mandatory "[i]n all suits, either civil or criminal, or in matters of probate, pending in any court of this State and in all matters ancillary to such suits which require action by or the attendance of an attorney . . . " when it appears by affidavit that any party applying for the continuance, or any attorney for any party is or will be in actual attendance at a Legislative Session.

In our opinion, a Texas Rule of Civil Procedure providing for Legislative continuance has no application to a hearing before a Master in the course of proceedings conducted by the Judicial Qualifications Commission. Article 5, §1-a (11) of the Constitution of Texas provides:

> "The Supreme Court shall by rule provide for the procedure before the Commission, Masters and

> the Supreme Court. Such rule shall afford to any
> person . . . against whom a proceeding is instituted
> to cause his retirement or removal, due process of
> law . . . . Due process shall include the right to
> notice, counsel, hearing, confrontation of his accu-
> sers, and all such incidents of due process upon
> proof of which a penalty may be imposed."

The Supreme Court has exercised this constitutional authority by promulgating and adopting the Rules For The Removal or Retirement of Judges. Our courts have held that when the Constitution grants certain powers, and the means by which these powers can be exercised are pre-scribed, such means are exclusive of all others. Crabb v. Celeste Independent School Dist., 146 S.W. 528 (Tex. 1912); City of Fort Worth v. Howerton, 236 S.W. 2d 615 (Tex. 1951); White v. State, 440 S.W. 2d 660 (Tex. Crim. 1969).

Since the Constitution has vested rule-making authority for the Commission in the Supreme Court, we believe the only rules having force and effect in proceedings before a master appointed by the Commission are those expressly adopted by the Court.

Rule 15, "Extension of Time" in the Rules for the Removal and Retirement of Judges controls your question:

> "The chairman of the Commission may extend
> for periods not to exceed 30 days in the aggregate the
> time for filing an answer, for the commencement of
> a hearing before the Commission, and for filing a
> statement of objections to the report of a master, and
> a master may similarly extend the time for the com-
> mencement of a hearing before him."

In our opinion Rule 15 limits the extension of time for a hearing before a master to 30 days in the aggregate, and this extension is discretionary, not mandatory.

We have considered Rule 7 "Hearing" which requires that "[a]t the time and place set for hearing, the Commission, or the master, shall proceed with the hearing as nearly as may be according to the rules of procedure governing the trial of civil causes of this State." A close reading of Rule 7 discloses that it was intended to govern proceedings <u>during</u> a hearing before a Master, and not questions concerning <u>when</u> the hearing should take place or for how long a period a hearing may be postponed. This is the only possible interpretation of the language " . . . the master, <u>shall proceed</u> with the hearing."

## SUMMARY

Rule 254 of the Texas Rules of Civil Procedure does not require continuance of a hearing before a Master in proceedings instituted against a judge by the Judicial Qualifications Commission, where the attorney for the judge is in attendance at a Legislative Session. The Supreme Court has exercised its constitutional authority to promulgate rules governing procedure before the Commission or master and has limited continuances of a hearing before the master to a period not to exceed 30 days in the aggregate.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee