

# THE ATTORNEY GENERAL
## OF TEXAS

September 22, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Robert W. Post
County Attorney
DeWitt County
P. O. Box 110
Cuero, Texas   77594

Opinion No.   JM-792

Re:  Whether sections 1-a and 9 of article VIII of the Texas Constitution permit the application of section 26.07 of the Property Tax Code to county taxes

Dear Mr. Post:

Section 26.07 of the Tax Code provides that, if the governing body of a taxing unit other than a school district adopts a tax rate that exceeds the so-called "effective tax rate" calculated pursuant to section 26.04 of the Tax Code by more than eight percent, the qualified voters of the taxing unit by petition may require that an election be held to determine whether or not to reduce the tax rate adopted for the current year to a rate that exceeds the "effective rate" by only eight percent.  See Attorney General Opinion JM-574 (1986).  Generally, the total county tax rate will result from the tax rates for three different property taxes.[1]  See Attorney General Opinion JM-677 (1987).  Article VIII, sections 1-a and 9, of the Texas Constitution impose a tax rate ceiling on each individual rate and provide that the total rate cannot exceed $1.25/$100 valuation.  The three individual taxes are: (1) the fund for farm-to-market/flood control (lateral road fund), with a tax rate ceiling of $.30/$100 valuation (section 1-a); (2) the general fund, the permanent improvement fund, the road and bridge fund, and the jury fund, with a tax rate ceiling of $.80/$100 valuation (section 9); and (3) the fund for the further maintenance of public roads, with a rate ceiling of $.15/$100 valuation (section 9).

---

[1] We note that other statutory and constitutional provisions permit counties to levy additional property taxes in certain instances, e.g., for jails, courthouses, sea wall construction, fire fighting, and other special purposes.  This opinion is limited to a discussion of only the two constitutional provisions about which you inquire.

You ask us the following question: "May section 26.07 of the Property Tax Code be applied to county taxes in view of article VIII, sections 1-a and 9, of the Texas Constitution?" We understand you to ask whether section 26.07 of the Tax Code as applied to county taxes is constitutional. You construe article VIII, sections 1-a and 9, of the Texas Constitution as doing more than merely setting tax rate ceilings; you construe both provisions as conferring affirmative authority to county commissioner courts to levy whatever tax rates the commissioners choose, subject to the tax rate ceilings set forth therein. We agree. We conclude that, with respect to the county taxes about which you inquire, section 26.07 of the Tax Code is unconstitutional.

Article VIII, section 1-a, of the Texas Constitution contains the following relevant language:

> From and after January 1, 1951, the several counties of the State <u>are authorized to levy</u> ad valorem <u>taxes upon all property within their respective boundaries for county purposes</u> . . . <u>not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of this State</u>, provided the revenue derived therefrom shall be used for construction and maintenance of Farm To Market Roads or for Flood Control, except as herein otherwise provided.

Article VIII, section 9, of the Texas Constitution sets forth the following:

> [N]o county, city or town shall levy a tax rate in excess of Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year for general fund, permanent improvement fund, road and bridge fund and jury fund purposes; <u>provided further that at the time the Commissioners Court meets to levy the annual tax rate for each county it shall levy whatever tax rate may be needed for the four (4) constitutional purposes</u>; namely, general fund, permanent improvement fund, road and bridge fund and jury fund so long as the Court does not impair any outstanding bonds or other obligations and so long as the total of the fore-going tax levies does not exceed Eighty Cents (80¢) on the One Hundred Dollars ($100) valuation in any one (1) year. (Emphasis added.)

Both provisions confer authority, not on the voters, but on the commissioners court, and the legislature by statute cannot remove governmental power conferred by the constitution. Tex. Const. art. V, §18. See generally Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941); Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. - Waco 1938, writ dism'd). It is clear that the underscored language in article VIII, section 9, does confer authority on the commissioners court to "levy whatever tax rate may be needed" for the specified article VIII, section 9 funds, subject, of course to the rate ceilings. It is equally clear that article VIII, section 1-a, of the Texas Constitution also confers authority on the county commissioners court to levy taxes, again subject to the tax rate ceiling contained therein. Section 26.07 of the Tax Code, on the other hand, purports to authorize the qualified voters of a county to rollback the adopted county tax rate, in certain instances.

In passing upon the constitutionality of any statute, we begin with a presumption of validity. Smith v. Davis, 426 S.W.2d 827 (Tex. 1968); Texas National Guard Armory Board v. McCraw, 126 S.W.2d 627 (Tex. 1939).

> The legislative department of the state government may make any law not prohibited by the constitution of the state or that of the United States. Therefore the rule is that, in order for the courts to hold an act of the legislature unconstitutional, they must be able to point out the specific provision which inhibits the legislation. If the limitation be not express, then it should be clearly implied.

Shepherd v. San Jacinto Junior College, 363 S.W.2d 742, 743 (Tex. 1962); (quoting State v. Brownson, 61 S.W. 114 (Tex. 1901)). We construe article VIII, sections 1-a and 9, of the Texas Constitution as affirmative grants of power to county commissioners courts, power that section 26.07 of the Tax Code circumscribes. Both constitutional provisions act to limit the authority of the legislature to authorize a county tax rate rollback election. A statute cannot override the constitution. Cramer v. Sheppard, 167 S.W.2d 147 (Tex. 1943). The legislature does not have the power to enact any law contrary to a provision of the constitution. City of Fort Worth v. Howerton, 236 S.W.2d 615 (Tex. 1951). Section 26.07 of the Tax Code, to the extent that it acts to circumvent the authority of a commissioners court conferred by article VIII, sections 1-a and 9, is unconstitutional.

## S U M M A R Y

Section 26.07 of the Tax Code, which authorizes a tax rate rollback election, is unconstitutional to the extent that it circumscribes the authority of a county commissioners court conferred by article VIII, sections 1-a and 9, of the Texas Constitution to set the tax rates for the four constitutional funds set out therein.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General