

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

November 27, 2000

The Honorable Ken Armbrister
Chair, Committee on Criminal Justice
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0310

Re: Whether the municipal employee retirement fund of the City of Fort Worth is a "fire fighter's or police officer's pension fund" under section 143.073 of the Local Government Code, for purposes of compensating a fire fighter or police officer absent for a line of duty injury or illness (RQ-0256-JC)

Dear Senator Armbrister:

You inquire about the construction of section 143.073 of the Local Government Code, a provision of the fire fighters' and police officers' civil service law. Section 143.073 addresses leaves of absence for fire fighters or police officers who are injured or become ill in the line of duty. Under circumstances defined in subsection 143.073(b) of the Local Government Code, a fire fighter or police officer may retire on pension until able to return to duty if "the municipality has a fire fighter's or police officer's pension fund." You ask whether this benefit is available in a city such as Fort Worth, which has a general pension fund covering all city employees. We conclude that this benefit is not available to fire fighters and police officers employed by the City of Fort Worth.

The City of Fort Worth (the "City") has adopted chapter 143 of the Local Government Code,[1] which provides a civil service system for fire fighters and police officers. Pursuant to section 143.073, "[a] municipality shall provide to a fire fighter or police officer a leave of absence for an illness or injury related to the person's line of duty." TEX. LOC. GOV'T CODE ANN. § 143.073(a) (Vernon 1999). The leave is with full pay for a period commensurate with the nature of the illness or injury, and, if necessary, will continue for at least one year. *Id.* Subsections 143.073(b) and (c) provide as follows:

> (b) At the end of the one-year period, the municipality's governing body may extend the line of duty illness or injury leave at full or reduced pay. If the fire fighter's or police officer's salary is reduced below 60 percent of the person's regular monthly salary and

---

[1]Brief from Laetitia Coleman Brown, Assistant Fort Worth City Attorney, to Chair, Opinion Committee, Office of the Attorney General (Aug. 25, 2000) (on file with Opinion Committee).

the municipality has a fire fighter's or police officer's pension fund, the person may retire on pension until able to return to duty.

(c) *If pension benefits are not available to a fire fighter or police officer who is temporarily disabled by a line of duty injury or illness and if the year at full pay and any extensions granted by the governing body have expired, the fire fighter or police officer may use accumulated sick leave, vacation time, and other accrued benefits before the person is placed on temporary leave.*

*Id.* § 143.073(b), (c) (emphasis added).

Your question relates to the extended line of duty illness or injury leave that the city may provide at the end of a year's paid leave of absence. You ask whether the City may deny a fire fighter or police officer a line of duty illness or injury retirement pension under section 143.073(b) of the Local Government Code for the reason that the City has a general pension fund, created by city ordinance, which applies to all city employees and is not identified as a "fire fighter's or police officer's pension fund" to be used solely for fire fighters and police officers.[2] We will consider only the availability of the benefit you specifically inquire about rather than any other benefit that might be available.

The pension benefit described by subsection 143.073(b) of the Local Government Code is available only "[i]f . . . the municipality has a fire fighter's or police officer's pension fund." Subsection 143.073(c) confirms that this pension benefit is not necessarily available to all fire fighters and police officers who sustain an injury or illness in the line of duty. We can ascertain the characteristics of fire fighter's and police officer's pension funds from the statutes creating them and then determine whether or not the City fund is a fire fighter's or police officer's pension fund. *See generally* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) (words or phrases that have acquired a particular meaning, by legislative definition or otherwise, shall be construed accordingly).

The statutes authorizing a "fire fighter's or police officer's pension fund" show that these funds are for the exclusive benefit of the class of employees identified in the name of the fund. Article 6243a-1 of the Revised Civil Statutes governs "the pension funds for police officers and fire fighters" in certain municipalities. TEX. REV. CIV. STAT. ANN. art. 6243a-1, § 1.01(a) (Vernon Supp. 2000). Only police officers and fire fighters may be members of combined pension systems created pursuant to this article. *Id.* § 5.01. A fund created pursuant to this statute is held for the benefit of members who become entitled to benefits under the pension system. *Id.* §§ 2.01(24) (defining "fund"); 6.01 - 6.19 (benefits under the plan). Thus, the combined pension funds for police officers and fire fighters are solely for these two classes of city employees. *See also id.* art. 6243b, §§ 1(a), 2 (establishing in certain cities firemen and policemen pension fund, in which each fireman and policeman employed by the city must participate); *id.* art. 6243o, §§ 1.02(10), 1.04 (providing for

---

[2]Letter from Honorable Ken Armbrister, Chair, Senate Committee on Criminal Justice, to Honorable John Cornyn, Attorney General of Texas (July 10, 2000) (on file with Opinion Committee).

fire fighters and police officers pension fund in cities of 750,000 to 1,000,000 for exclusive benefit of members and retirees of the fund and their beneficiaries). The combined police officer and fire fighter pension funds are for the benefit of only police officers and fire fighters.

Other statutes provide for a police officer's pension fund or a fire fighter's pension fund. The Texas Local Fire Fighters Retirement Act, article 6243e of the Revised Civil Statutes, establishes a fire fighters' retirement system and trust fund in specified municipalities and other political subdivisions. *Id*. art. 6243e, §§ 1, 3, 4. The membership consists of fire department personnel. *Id*. § 9. The assets of the fund are held in trust for the exclusive benefit of the members and retirees of the system and their beneficiaries. *Id*. § 4. *See also id*. art. 6243e.1, §§ 1.02(9), 3.01 (person appointed as a fire fighter in cities of specified population becomes a member of the firefighters relief and retirement fund). *See also id*. arts. 6243d-1, §§ 1, 4 (Vernon 1970) (creating "policemen's relief and retirement fund" for members of police departments in cities of a population of 290,000 or more); 6243n-1, §§ 1.01, 3.01, 4.01 (Vernon Supp. 2000) (establishing police retirement system for cities of a certain population group; police officers shall become members as a condition of employment). Where the legislature has identified a pension fund as a fire fighter's or police officer's pension fund, or as a combined fire fighter's and police officer's pension fund, its benefits have been available exclusively to the class of employees identified in the fund's name.

The Employees' Retirement Fund of the City of Fort Worth (the "Employees' Retirement Fund") was established by city ordinance in 1945, pursuant to former article III, section 51e of the Texas Constitution, which authorized incorporated cities and towns to create municipal retirement systems and disability pensions. Tex. H.J. Res. 8, 48th Leg., R.S., 1943 Tex. Gen. Laws 1142; *see City of Forth Worth v. Howerton*, 236 S.W.2d 615, 616 - 17 (Tex. 1951). In 1975, article III, section 51e was repealed and article XVI, section 67 was added to the Texas Constitution. Tex. S.J. Res. 3, 64th Leg., R.S. (1975); *see* 1975 Tex. Gen. Laws LXXV, LXXIX, LXXXII (reporting adoption Apr. 22, 1975). Article XVI, section 67 authorizes legislation providing for state and local retirement systems, including legislation providing for "the creation by any city or county of a system of benefits for its officers and employees." TEX. CONST. art. XVI, § 67(c). A statute that became effective on the adoption of article XVI, section 67 of the Texas Constitution provided that retirement systems created pursuant to article III, section 51e of the Texas Constitution or the general powers of home-rule cities would remain in effect, subject to legislative authority to alter or abolish the systems. Act of May 29, 1975, 64th Leg., R.S., ch. 426, §§ 3, 4, 1975 Tex. Gen. Laws 1127.

The Employees' Retirement Fund is a system of retirement and disability benefits for "all municipal employees." FORT WORTH CITY CHARTER, ch. XXVII, § 36(a) (1983). Membership in the fund is a condition of employment for all regular employees of the City. FORT WORTH, TEX., RETIREMENT ORDINANCE, art. VI, Div. 1, §§ 2-201.S, 2-202 (1998). Policemen and firemen are included in the fund. This can be seen from the references to policemen throughout the ordinance governing the fund. *Id*. §§ 2-201.V (defining "police officer"), 2-203.A. (contributions of police officers and of other members of the fund), 2-214.A.1 (trustee for Place 1 shall be elected from group of employees who work in the Police Department). The ordinance also makes it clear that the fund covers firemen, because it provides that a trustee of the funds "shall be elected by Employee Group

C," consisting of members of the fund "who are assigned to work in the Municipal Court, Fire, Information System and Services, and Housing Departments of the City." *Id.* § 2-214.A.1.

Fire fighters and police officers employed by the City participate in a retirement fund for all employees, rather than in separate fire fighter's or police officer's pension funds or a combined fund for both fire fighters and police officers. Subsection 143.073(b) of the Local Government Code does not allow a fire fighter or police officer to retire on pension until able to return to duty unless the municipality has "a fire fighter's or police officer's pension fund." The City does not have a fire fighter's or police officer's pension fund within subsection 143.073(b), and accordingly, this benefit is not available to its fire fighters and police officers. We again note that our conclusion is limited to the temporary benefit under subsection 143.073(b), and does not address any other possible benefit.

### S U M M A R Y

Section 143.073 of the Texas Local Government Code provides for a leave of absence for a fire fighter or police officer who sustains an injury or becomes ill in the line of duty. Under circumstances stated in subsection 143.073(b) of the Local Government Code, a fire fighter or police officer who is injured or becomes ill in the line of duty may retire on pension until able to return to duty if "the municipality has a fire fighter's or police officer's pension fund." The benefits of a "fire fighter's or police officer's pension fund" are available only to the category of city employees named in the title of the fund. This benefit is not available to fire fighters and police officers employed by the City of Fort Worth, which has the "Employee's Retirement Fund of the City of Fort Worth" covering all city employees, including police officers and fire fighters, and does not have a "fire fighter's or police officer's pension fund" exclusively for those employees.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee