NO. 14-0976

## SUPREME COURT OF TEXAS

ERIC W. NORRIS

Petitioner,

v.

FILED
IN SUPREME COURT OF TEXAS

JUN -1 2015

Blake Hawthorne, Clerk
by _____ , Deputy

## TRIUMPH HOSPITAL OF EAST HOUSTON, L.P.

Respondent.

On Appeal From Cause No. 14-13-00431-CV
Fourteenth Court Of Appeals, Texas

## MOTION FOR REHEARING EN BANC

May 26, 2015

Eric W. Norris



**Petitioner Pro Se**

**Oral Argument Requested**

Pursuant to Texas Rules of Appellate Procedure § 64.1 and § 4.1, Petitioner Norris files this motion for rehearing for the following reasons:

## I.  TEXAS CONSTITUTION, XVI, SECTION § 26 HAS BEEN EFFECTIVELY NULLIFIED BY THIS COURT'S DECISION

TEXAS CONSTITUTION, Article XVI, Section § 26 contains the text **"heirs of his or her body"** in reference to a decedent's descendants in a homicide case.  Section § 26 gives Norris legal standing to seek exemplary damages for his grandmother Bertha Woodard's homicide because he is a "heir of her body."

This Court's denial of Norris' Petition for Review has *effectively* nullified Section § 26.  Constitutional law cannot be ignored, abridged, or abrogated by judicial opinion or statute.  This is a universally accepted legal principle at both the state and federal levels and is currently being ignored in the present case.  The *abrogation* of Norris' constitutional right to seek damages for Bertha's homicide will not survive federal scrutiny.

Norris draws particular attention to *City of Fort Worth v. Howerton*, 236 S.W.2d 615, 618 (Tex. 1951) (where rights have been fixed under a constitutional provision, the legislature is without power to destroy or impair such rights); *Morton Salt Co. v. Wells*, 123 Tex. 151, 70 S.W.2d 409, 410 (1934) (legislature is without power to add or take away from the conditions set forth by virtue of the Constitution); and *Arnold v. Leonard*, 273 S.W. 799, 802 (Tex. 1925) (when

-2-

circumstances are specified under the Constitution for any right to be acquired, there is an implied prohibition against the legislative power to add or withdraw from the circumstances specified).

Norris entreats this Court to heed its own highly relevant precedential promulgations and to thoroughly re-examine this clear, constitutional issue before it is scrutinized by the higher federal courts. *See* ISSUE TWO, Norris' Petition for Review (Redrafted).

## II. BLACK'S LAW DICTIONARY AND OTHERS ARE BEING IGNORED

Black's, Bouvier's, Anderson's, Merriam Webster's and other legal lexicons patently indicate the phrase **"heirs of the body"** connotes lineal descendants. Norris is Bertha Woodard's grandson and one of her lineal descendants. This fact is unassailable.

In a recent conversation with a practicing attorney, Norris was informed Black's lexicon is *never* ignored. It is the 'gold standard' of legal lexicons. Norris questions why is it being ignored by this Court?

Norris recently began writing to the editors-in-chief of Blacks and others for some answers. He indicated to them their legal definition of said phrase is inexplicably being *ignored* by the Texas courts, sent them a copy of his Petition for Review, and requested assistance.

It would be an embarrassment to this Court to have reputable legal lexicographers officially agree with the arguments of Norris, a pro se litigant, rather than this Court's 'default' position of denial. It should be noted, the cited lexicons in Norris' Petition for Review are in unison concerning the definition of said phrase (emphasis added). Norris entreats this Court to thoroughly re-examine said phrase as it pertains to this case. *See* ISSUE TWO, Sections I, II, and Appendix D of Norris' Petition for Review (Redrafted).

### III. CORPUS JURIS SECUNDUM IS BEING IGNORED

Thomson Reuters™ *Corpus Juris Secundum*, a very well respected, case law based legal encyclopedia (tome), explicitly indicates the technical legal phrase **"heirs of the body"** connotes lineal descendants and is in unison with the aforementioned lexicons on this issue. Norris questions why is it being ignored by this Court?

Norris recently wrote to the editor-in-chief of said publication for some answers and assistance. It would be an embarrassment to this Court for a WestLaw™ publication to officially agree with the arguments of Norris, a pro se litigant, rather than this Court's 'default' position of denial concerning said technical legal phrase.

Norris entreats this Court to refer to volume 26B C.J.S. *Descent and Distribution* § 23 (2001) (pg. 322) to re-examine said phrase as it pertains to this case. *See* Norris' Petition for Review, Appendix D5.

## IV. UNIVERSITY LAW PROFESSORS ARE BEING CONSULTED

To further explore the question why Black's and other lexicons, as well as C.J.S., are being ignored by this Court and to shine some light on this issue, Norris recently began writing a plethora of university law professors for some answers and assistance. Norris posits many of them will reference the very same material and case law cited in his Petition for Review in response to his inquiries and come to the same unequivocal conclusion – "heirs of the body" connotes lineal descendants and thus Norris has 'standing' to bring suit.

It would be an embarrassment to this Court to have a plethora of reputable university law professors agree with the arguments of Norris, a pro se litigant, rather than this Court's 'default' position of denial. The miscarriages of Justice in this case are sufficiently salient to attract external attention and scrutiny from legal scholars. Many of these professors have extensive social media networks, as well as television, news, and radio connections. The potential is self-explanatory. This case is newsworthy both locally and nationally. Norris entreats this Court to thoroughly re-examine his Petition for Review to avoid potential embarrassment.

## V. THIS COURT IS REWARDING TRIUMPH FOR FRAUD

This Court has shamefully and shockingly rewarded Triumph Hospital's fraudulent concealment of their *homicide* through their failure to review this case. The fact a hospital's fraud can be rewarded and their victim's family can be further victimized by the Texas court system is astonishing and evil.

An elderly women's death (homicide) at the hands of a grossly negligent hospital and their fraudulent 'cover up' to avoid culpability that is effectively 'rewarded' by the Texas court system through inaction and denial is truly newsworthy.

This issue really needs no further explanation. If this Court bothered to read Appendix C (GENUINE FACTS OF FRAUDULENT CONCEALMENT) of Norris' Petition for Review and was not sufficiently *horrified* to at least give this case a proper examination by granting a review, then this is a waste of time and the people reviewing this case are truly inhuman.

Norris entreats this Court to thoroughly re-examine this case properly before it reaches the federal courts and before various legal professors, pundits, lexicographers, and media get wind of this odious miscarriage of Justice.

## CONCLUSION AND PRAYER

Triumph Hospital's gross negligence killed Bertha Woodard. They circumnavigated (obstructed) the law through fraudulent concealment, rendered

Sections §71.004 and §71.021, TEX. CIV. PRAC. REM. CODE a *nullity*, and contravened the Legislature's manifest purpose of said medical malpractice statutes. This Court has given them a **"green"** light to repeat these kinds of atrocities with impunity by denying Norris' Petition for Review.

Norris requests this Court reconsider its decision denying his Petition for Review, reverse the appellate court's judgment, and remand this case to the trial court for further proceedings and discovery, so the merits, substance, and facts of this fraudulently hindered case shall see the light of day in a full hearing, in the interests of justice, and so that Bertha Woodard will have her personal injuries and wrongful death properly examined.

Respectfully submitted,

*Eric W. Norris*

Eric W. Norris

**Petitioner *Pro Se***

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document has been served via certified mail on the following counsel of record in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure on May 26, 2015.

Brennig & Associates, P.C.
Charles C. Brennig III
Richard M. Schreiber
1700 Post Oak Blvd.
2 Blvd. Place, Suite 600
Houston, TX 77056
Phone: (713) 622-5900
Fax: (713 622-5910
ATTORNEY FOR RESPONDENT
TRIUMPH HOSPITAL OF EAST HOUSTON, L.P.

_Eric W. Norris_

Eric W. Norris, *Pro Se*